■ Luis Pesantez et al., on Behalf of Themselves and All Others Similarly Situated, Respondents, v Boyle Environmental Services, Inc., et al., Appellants, et al., Defendant. [673 NYS2d 659] —Order, Supreme Court, New York County (Herman Cahn, J.), entered on or about August 31, 1995, which granted plaintiffs' motion to certify a class in an action to recover the prevailing rate of wages, unanimously modified, on the law and the facts, to redefine the class as "all past and present employees of Azevedo & Boyle Contracting, Inc. and Boyle Environmental Services Inc., its alleged successor-in-interest (collectively, Boyle), who performed asbestos removal work pursuant to a subcontract between Boyle and J. Greaney Construction Corp. (Greaney) as part of the installation of an HVAC system pursuant to SCA Contract No. 92-00009C on a project at P.S. 178 in the Bronx"; to stay all claims as against defendant Reliance Insurance Company of New York (Reliance); to stay the Labor Law § 220 claims as against all defendants pending further order of the IAS Court; and otherwise affirmed, without costs.

Although Boyle filed a notice of appeal, it did not appear in opposition to plaintiffs' motion in the IAS Court or make any cross motion, and thus its appeal must be dismissed since it does not qualify as an aggrieved party (*see, Shao v Fugazy Express*, 177 AD2d 422, 423).

All claims as against Greaney are automatically stayed by its filing for Chapter 11 bankruptcy protection (11 USC § 362), and as against Reliance, Greaney's surety, by the Bankruptcy Court's bar orders of April 18, 1994 and January 22, 1998.

Plaintiffs fail to establish the existence of any employees of a subcontractor of Boyle or of Greaney, much less one who was paid less than the "prevailing rate" of wages and benefits, and thus the IAS Court erred in expanding the definition of the class to include such employees, and should have limited any class definition to Boyle's employees, who are the only persons identified by the complaint itself (*see, Phillipe v American Express Travel Related Servs. Co.*, 188 AD2d 268; *Katz v NVF Co.*, 100 AD2d 470, 472).

Such a group of persons meets the requirements for certification under CPLR 901 and 902. Boyle's certified payroll records list over a hundred employees who worked on the project in question, and the named plaintiffs identify about 80 workers; whatever the exact number, we are satisfied that joinder of all

of Boyle's employees is impracticable within the meaning of CPLR 901 (a) (1) (*see, Robidoux v Celani*, 987 F2d 931, 935 [2d Cir]). All proposed class members worked on the same project, were due the prevailing rate of wages and benefits and were allegedly underpaid; thus the named plaintiffs' claims are typical of those of the proposed class (CPLR 901 [a] [3]), and the nature of the claims is such as to indicate a predominance of common issues of law and fact over individual questions of damages (CPLR 901 [a] [2]; *see, Pruitt v Rockefeller Ctr. Props.*, 167 AD2d 14, 22). To the extent certain individuals may wish to pursue punitive claims pursuant to Labor Law § 198 (1-a), which cannot be maintained in a class action (CPLR 901 [b]), they may opt out of the class action (*see, Weinberg v Hertz Corp.*, 116 AD2d 1, 4, *affd* 69 NY2d 979; *Super Glue Corp. v Avis Rent A Car Sys.*, 132 AD2d 604, 606). Plaintiffs have exhibited an interest in the action and their counsel have demonstrated a level of competence ensuring that they can fairly and adequately represent the class members (CPLR 901 [a] [4]). Finally, a class action would be the best method of adjudicating this controversy (CPLR 901 [a] [5]), in light of the small amount of potential recovery by each individual, the fact that the liability of Greaney and Reliance is only contingent upon the remaining defendants' failure to pay the prevailing rate, a question over which the Bankruptcy Court does not have jurisdiction, the fact that many of the proposed class members have not sought relief in an administrative proceeding pursuant to Labor Law § 220 (7) and (8), and the lack of any serious problems in managing the claims of a maximum of 300 individuals where most of the individual differences can be resolved by the documentary evidence of payroll checks and time sheets.

We note that while plaintiff class can proceed on its common-law breach of contract claims for underpayment of wages and benefits (*see, Fata v Healy Co.*, 289 NY 401), a private right of action for underpayment of wages does not exist under Labor Law § 220 until there has been an administrative determination pursuant to subdivision (8) that either has gone unreviewed or been affirmed in the claimants-employees' favor (*see, Matter of Yerry v Goodsell*, 4 AD2d 395, 399, *affd* 4 NY2d 999; *Williamson Roofing & Sheet Metal Co. v Town of Parish*, 139 AD2d 97, 104). Plaintiffs themselves admit that the bonds issued by defendant sureties were not filed pursuant to State Finance Law § 137, which would provide them with a private right of action under Labor Law § 220-g. Although an administrative proceeding has been commenced, the record does not permit review of its extent or status, and thus the issue of

whether plaintiff class can proceed on its claims under Labor Law § 220 is remanded to the IAS Court for development of a reviewable record, and a determination. Concur—Sullivan, J. P., Milonas, Rosenberger, Nardelli and Williams, JJ.