■ Kevin Pludeman et al., Appellants, v Northern Leasing Systems, Inc., et al., Respondents. [40 NYS3d 25]—

Order, Supreme Court, New York County (Martin Shulman, J.), entered August 4, 2014, which, insofar as appealed from as limited by the briefs, denied plaintiffs' motion to sanction defendants for discovery violations without prejudice to renewal at the fact-finding hearing, unanimously affirmed, without costs. Order, same court and Justice, entered January 7, 2015, which granted defendants' motion to decertify the class and/or remove plaintiffs as class representatives, unanimously modified, on the law and the facts, to deny the motion to decertify with respect to the issue of the reasonableness of the loss and destruction waiver (LDW) fee for those lessees whose leases provided for an LDW fee of "price in effect" and who were charged a LDW fee of up to $4.95, and to remove plaintiff Chris

Hanzsek as a class representative, and otherwise affirmed, without costs.

In accordance with orders of this Court in prior appeals, a fact-finding hearing was held to determine (1) whether plaintiffs were provided with only one page of a lease; (2) whether, even if provided with a four-page booklet, a reasonable person would have believed that the first page comprised the entire lease; and (3) if the LDW provision on the third page of the leases was found to be part of the leases, whether the LDW fee charged under leases setting a LDW fee of "price in effect" was reasonable (*see Pludeman v Northern Leasing Sys., Inc.*, 106 AD3d 612 [1st Dept 2013]; *Pludeman v Northern Leasing Sys., Inc.*, 87 AD3d 881 [1st Dept 2011]; *Pludeman v Northern Leasing Sys., Inc.*, 74 AD3d 420 [1st Dept 2010]). As a result of the hearing, class certification is no longer warranted with respect to the first two issues (*see DeFilippo v Mutual Life Ins. Co. of N.Y.*, 13 AD3d 178 [1st Dept 2004], *lv dismissed* 5 NY3d 746 [2005]). Two of four plaintiffs testified that they were not rushed to sign the leases; three testified that they had an opportunity to read the leases, but simply failed to do so; two testified that they either made a copy of the leases or declined to do so; and one testified that he was apprised of additional lease pages and the LDW charge. This testimony contradicts the allegations made in the complaint and amplified in affidavits previously provided by plaintiffs describing a routine practice by sales people for defendant Northern Leasing Systems, Inc. of obscuring all but the first page of the lease.

However, this action may be maintained as a class action with respect to the third issue (CPLR 906 [1]; *see Stellema v Vantage Press*, 109 AD2d 423 [1st Dept 1985]). If the LDW charge was not reasonable, then Northern Leasing's overcharges were a breach of the leases, regardless of whether the individual lessees reasonably believed that the first page alone comprised the entire lease.

Since plaintiff Chris Hanzsek's lease set the LDW fee at $2.95, he does not represent the class as we have limited it.

The motion court providently exercised its discretion in denying plaintiffs' motion for sanctions, without prejudice to renewal as issues arose at the hearing.

Because plaintiffs did not appeal from the order holding in abeyance their cross motion for judgment as a matter of law, that ruling is not properly before us (*Stratakis v Ryjov*, 66 AD3d 411 [1st Dept 2009]).

The decision and order of this Court entered herein on June 21, 2016 (140 AD3d 556 [2016]) is hereby recalled and vacated (*see* 2016 NY Slip Op 86916[U] [2016] [decided simultaneously herewith]). Concur—Mazzarelli, J.P., Andrias, Saxe, Gische and Kahn, JJ.