**McMillan v Out-Look Safety LLC**

2024 NY Slip Op 30336(U)

January 28, 2024

Supreme Court, New York County

Docket Number: Index No. 657577/2019

Judge: Andrea Masley

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 48

--------------------------------------------------------------------------------X

CRAIG MCMILLIAN, EIAN MCMILLAN and VICTOR
BALLAST,

                             Plaintiffs,

                          - v -

OUT-LOOK SAFETY LLC, RESTANI CONSTRUCTION
CORP., SAFEWAY CONSTRUCTION ENTERPRISES,
LLC, TRIUMPH CONSTRUCTION CORP., and ELECNOR
HAWKEYE, LLC,

                            Defendants.

--------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 657577/2019 |
| MOTION DATE | N/A |
| MOTION SEQ. NO. | 005 |

**DECISION + ORDER ON MOTION**

HON. ANDREA MASLEY:

The following e-filed documents, listed by NYSCEF document number (Motion 005) 145, 146, 147, 148, 149, 150, 151, 152, 153, 154, 155, 156, 157, 158, 159, 160, 161, 162, 163, 164, 165, 166, 167, 168, 169, 170, 171, 172, 173, 174, 175, 176, 177, 178, 179, 180, 181, 182, 183, 184, 186, 187, 188, 189, 190, 191, 192, 193, 194, 195, 196, 197, 198, 199, 200, 201, 202, 203, 204, 205, 206, 207, 208, 209, 210, 211, 212, 213, 214, 215, 216, 217, 218, 219, 220, 221, 223, 224, 225, 226, 227, 228, 229, 230, 231, 232, 233, 234, 235, 236, 237, 240, 254, 255, 256, 257, 258

were read[1] on this motion to/for         ORDER MAINTAIN CLASS ACTION        .

      In motion sequence number 005, plaintiffs Craig McMillian, Eian McMillan and

Victor Ballast move to maintain the matter as a class action pursuant to CPLR 901.

This is an action by construction flaggers to recover prevailing wages.[2]  Plaintiffs allege

claims for (i) breach of contract and (ii) unjust enrichment and quantum meruit against

---

[1] The court has read and where appropriate considered additional documents mentioned in the parties' papers but omitted in this autogenerated caption.  The court has considered the letters filed after briefing closed only to the extent they contain "the citation[s] of post-submission court decision[s] that [are] relevant to the pending issues." (Commercial Division Rules, Rule 18; *see* NYSCEF 230, 254, 256, 257, letters.)

[2] Specifically, plaintiffs seek "an award of wages at the required prevailing wage rate, along with daily overtime premiums, weekend premiums, supplemental benefits . . . ." (NYSCEF 44, Amended Complaint [AC] at 19.)  For brevity, the court will refer to the relief sought as prevailing wages.

**657577/2019  MCMILLIAN, CRAIG vs. OUT-LOOK SAFETY LLC**
**Motion No.  005**

**Page 1 of 17**

1 of 17

defendants Out-Look Safety LLC (Out-Look), Restani Construction Corp. (Restani),

Safeway Construction Enterprises, LLC (Safeway), Triumph Construction Corp.

(Triumph), and Elecnor Hawkeye, LLC (Hawkeye).[3]

**Background**

According to the complaint, plaintiffs worked as flaggers for Out-Look, with whom

the remaining defendants (general contractors) subcontracted to retain flagging services

for construction projects in New York City. (*See* NYSCEF 44, AC ¶¶ 1, 18, 31-32.) The

general contractors' agreements with Consolidated Edison Company of New York, Inc.,

state and city public entities, or other contractors (collectively, public works contracts)

required general contractors to pay workers involved in public works projects prevailing

wages. (*See id.* ¶¶ 35-36.)[4] Specifically, the public works contracts allegedly provided:

> "Where Contractor employs workers on sites where a permit to use or open a
> street (including excavating the street) is required and New York City
> Administrative Code Section 19-142, or its successor . . . is applicable,
> Contractor agrees that . . . the prevailing scale of union wages shall be the
> prevailing wage for similar titles as established by the Comptroller of the City of
> New York pursuant to Section 220 of the New York State Labor Law . . . paid to

---

[3] Restani and Triumph's counsel, whose affirmations include arguments (NYSCEF 191, Ruth Bogatyrow Kraft aff; NYSCEF 205, Michael R. Morano aff), are reminded that affidavits "are reserved for a statement of the relevant facts; a statement of the relevant law and arguments belong in a brief (i.e., a memorandum of law)." (*Tripp & Co., Inc. v Bank of NY (Del), Inc.*, 28 Misc 3d 1211[A], 2010 NY Slip Op 51274[U], *6 [Sup Ct, NY County 2010], citing 22 NYCRR 202.8 [c].)

Counsel are reminded that (i) every citation to the record in motion papers must include a corresponding NYSCEF number (Part 48 Procedure 5 [A]) and (ii) deposition transcripts shall be submitted in their entirety with relevant portions highlighted and in mini-script format. (Part 48 Procedure 5 [D].)

[4] Several defendants stipulated that relevant public works contracts required the payment of prevailing wages pursuant to New York City Administrative Code Section 19-142 and Labor Law § 220. (NYSCEF 164, Triumph stip ¶¶ 4-5; NYSCEF 165, Hawkeye stip ¶¶ 1-3; NYSCEF 167, Safeway stip ¶¶ 2-4.)

657577/2019  MCMILLIAN, CRAIG vs. OUT-LOOK SAFETY LLC                    Page 2 of 17
Motion No.  005

[* 2]

those so employed, and Contractor shall pay that prevailing wage to workers so employed."

(*Id.* ¶ 37.)

In the breach of contract claim, plaintiffs allege that as third-party beneficiaries of the public works contracts, they were entitled to prevailing wages but have not been paid accordingly. (*See id.* ¶¶ 80-81.) In the unjust enrichment and quantum meruit claim, plaintiffs allege that defendants failed to pay them the prevailing wage rates for prevailing wage jobs and thus have been unjustly enriched. (*Id.* ¶ 84.) They also allege that defendants failed to pay the reasonable value of plaintiffs' services and thus plaintiffs are entitled to relief under the doctrine of quantum meruit. (*Id.* ¶ 89.)

**Discussion**

CPLR 901 (a), which "should be broadly construed" (*City of NY v Maul*, 14 NY3d 499, 509 [2010] [internal quotation marks and citation omitted]), provides that a class action may be maintained if:

> "1. the class is so numerous that joinder of all members, whether otherwise required or permitted, is impracticable; 2. there are questions of law or fact common to the class which predominate over any questions affecting only individual members; 3. the claims or defenses of the representative parties are typical of the claims or defenses of the class; 4. the representative parties will fairly and adequately protect the interests of the class; and 5. a class action is superior to other available methods for the fair and efficient adjudication of the controversy."

"Once these prerequisites are satisfied, the court must consider the factors set out in CPLR 902" (*Ackerman v Price Waterhouse*, 252 AD2d 179, 191 [1st Dept 1998]):

> "1. the interest of members of the class in individually controlling the prosecution or defense of separate actions; 2. the impracticability or inefficiency of prosecuting or defending separate actions; 3. the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; 4. the desirability or undesirability of concentrating the litigation of the claim in the particular forum; [and] 5. the difficulties likely to be encountered in the management of a class action."

**657577/2019   MCMILLIAN, CRAIG vs. OUT-LOOK SAFETY LLC**
**Motion No.  005**

**Page 3 of 17**

3 of 17

(CPLR 902.) The plaintiff must establish by competent evidence the requirements set forth in CPLR 901 and 902 for obtaining class certification.[5] (*See Ackerman*, 252 AD2d at 191.) "The determination of whether or not a matter qualifies as a class action . . . rests within the sound discretion of the motion court." (*Rabouin v Metro. Life Ins. Co.*, 25 AD3d 349, 350 [1st Dept 2006].)

1. CPLR 901[6]

*Numerosity*

> "There is no mechanical test to determine whether . . . numerosity . . . has been met, nor is there a set rule for the number of prospective class members which must exist before a class is certified . . . . Each case depends upon the particular circumstances surrounding the proposed class and the court should consider the reasonable inferences and commonsense assumptions from the facts before it."

(*Globe Surgical Supply v GEICO Ins. Co.*, 59 AD3d 129, 137-38 [2d Dept 2008] [internal quotation marks and citations omitted].)

Here, plaintiffs have identified 75 Out-Look employees who worked at the general contractors' projects. (NYSCEF 179, class list at 1-3.[7]) Plaintiffs submit a

---

[5] Contrary to defendants' assertion (NYSCEF 213, Out-Look & Safeway memo at 10 [NYSCEF pagination]), New York law does not require that CPRL 901 (a) prerequisites be met by the preponderance of the evidence. (*See Banasiak v Fox Indus., Ltd.*, 2016 NY Misc LEXIS 962, 2016 NY Slip Op 30501[U], *3 [Sup Ct, NY County 2016] [rejecting application of more stringent evidentiary standard at class certification stage as is found in Federal Rules of Civil Procedure rule 23].) Instead, the preponderance of the evidence standard is applied by federal courts. (*See In re Petrobras Sec.*, 862 F3d 250, 260 [2d Cir 2017].)

[6] The court rejects Hawkeye's request for an evidentiary hearing (NYSCEF 214, Hawkeye memo at 20 n 7 [NYSCEF pagination]) as the parties submitted evidence in support of their arguments including party deposition transcripts and defendants' stipulation. (*Cf. Chimenti v Am. Express Co.*, 97 AD2d 351, 352 [1st Dept 1983] ["It was an abuse of discretion to certify the class solely on the basis of the pleadings and the [conclusory] affidavit by plaintiff's counsel"].)

[7] Brent E. Pelton, plaintiffs' counsel, states that plaintiffs compiled the list based on Restani sign in sheets, Out-Look's internal Smartsheets system and timesheets, and

**657577/2019 MCMILLIAN, CRAIG vs. OUT-LOOK SAFETY LLC**
**Motion No. 005**

**Page 4 of 17**

4 of 17

deposition transcript where Paul Tantillo[8] testified that Out-Look's employees have not been paid prevailing wages. (NYSCEF 154, Tantillo depo at 51:6-18.) Plaintiffs have demonstrated a class of 75 employees, whose joinder would be impracticable and thus the numericity prerequisite is met. (*See Pesantez v Boyle Envtl. Servs., Inc.*, 251 AD2d 11, 11-12 [1st Dept 1998] [class of 80 workers]; *Dabrowski v Abax Inc.*, 84 AD3d 633, 634 [1st Dept 2011] [class of 50 to 100 laborers].)

Defendants argue that plaintiffs' evidence is insufficient to meet the numericity requirement because plaintiffs have not identified each class member but instead aggregates across entities that contracted with Out-Look and without demonstrating difficulty of joinder of each class member. However, defendants proffer no authority to support their proposition that the numerosity requirement is defendant specific. Instead, courts routinely analyze whether a class is numerous in the context of an entire action, not per defendant. (*See e.g. Juarez v USA Roofing Co. Corp.*, 2017 NY Misc LEXIS 2246, 2017 NY Slip Op 31239[U], *9 [Sup Ct, NY County 2017] [analyzing numericity in context of an entire action by workers to collect prevailing wages where defendants were two subcontractors and five general contractors]; *Ansoumana v Gristede's Operating Corp.*, 201 FRD 81, 85-86 [SD NY 2001] [same, except defendants were several labor agencies and their clients who used plaintiffs' delivery services].)

---

August 2020 email discussion between Restani and Out-Look. (NYSCEF 148, Pelton aff ¶ 39.) The underlying records follow the list. (NYSCEF 179, class list at 4-42.)

[8] Tantillo was the corporate representative for Out-Look. (NYSCEF 148, Pelton aff ¶ 14.)

**657577/2019  MCMILLIAN, CRAIG vs. OUT-LOOK SAFETY LLC**
**Motion No.  005**

**Page 5 of 17**

5 of 17

[* 5]

Defendants next argue that the numericity prerequisite is not met because there is no evidence that plaintiffs and the class members, by virtue of their job duties, were flaggers entitled to prevailing wages.

Pursuant to Labor Law § 220, the New York City Comptroller sets prevailing wage schedules and trade classifications on public works projects within New York city. (*See* Labor Law § 220 [3] [c], [5] [e]). "The Comptroller's prior interpretations of what specific types of flagger duties were entitled to prevailing wages under Labor Law § 220 were neither irrational nor unreasonable, and we therefore defer to those interpretations." (*Herman v Judlau Contr., Inc.*, 204 AD3d 496, 496 [1st Dept 2022] [citations omitted].)

> "'When the worker assigned to those duties is not on a construction work site, and is being utilized to alleviate vehicular congestion by directing the flow of street traffic away from the vicinity of the construction site, that worker is performing traffic control duty. Accordingly, the worker does not fall within the purview of Labor [Law] Section 220. However, when a worker is utilized adjacent to, or in close proximity to the construction work site, protecting the public from the inherent dangers on and about that site, safeguarding the work crew from street traffic, directing public traffic away from the site, and directing the movement of construction equipment in, on, and off the site, that worker is performing flagging duties which fall within the job specifications of the construction laborer.'"

(*Little v Carlo Lizza & Sons Paving, Inc.*, 2017 US Dist LEXIS 86712, *12 [SD NY, June 6, 2017], quoting May 21, 1998 letter from Bureau of Labor Law to Director Mayor's Office of Construction)

> "'This memo is being issued for purposes of clarification. When a worker is assigned as a full-time "flag person" and his/her duties are not primarily on a construction work site, but such person is primarily assigned to alleviate vehicular congestion by directing the flow of the street traffic away from the vicinity of the construction site, the worker is performing traffic control duty. Accordingly the worker does not fall within the purview of Labor Law Section 220 . . . However, when a worker is utilized on the construction work site, protecting the public from the inherent dangers on and about that site, safeguarding the work crew from the street traffic, and directing the movement of construction equipment in, on, and

**657577/2019   MCMILLIAN, CRAIG vs. OUT-LOOK SAFETY LLC**
**Motion No.  005**

**Page 6 of 17**

6 of 17

[* 6]

off the site, that worker is performing flagging duties which fall within the job description of laborer.'"

(*Id.*, quoting Comptroller's Prevailing Wage Memorandum, March 13, 2001.)

Whether plaintiffs and the class members performed "flagging duties which fall within the job description of laborer" and were entitled to prevailing wages is a contested issue which the court will not resolve on a class certification motion. However, at this stage, plaintiffs have provided sufficient evidence tending to show that they performed flagging duties that might fall within the job description of flagger. (*See* NYSCEF 150, C. McMillian depo at 109:21-110:17, 113:19-114:11, 115:5-8 [work included putting cones, making sure that no cars are entering construction site, making sure that cones directing where trucks back up are in correct spots, and sometimes digging dirt with shovel]; NYSCEF 151, E. McMillan depo at 218:6-17, 393:19-22, 394:15-20 [work included helping set up and take down equipment, making sure that vehicles do not enter construction site and that construction equipment makes it safely into and out of construction zone]; NYSCEF 152, Ballast depo at 226:23-228:23 [work included escorting machinery up and down streets, being in worksite, sweeping, shoveling, putting black tar on metal tops].) Plaintiffs' evidence shows that the class members also performed flagging duties that might fall within the job description of laborer. (*See* NYSCEF 154, Tantillo depo at 25:18-26:13 [Out-Look's employees were sent to job sites to direct traffic and maintain construction flow of traffic around job site].) Any evidence suggesting that plaintiffs and the class members performed duties that do not fall within the flagger's job description raises an issue of fact and does not prevent class certification. Indeed, a class certification motion "is not intended to be a substitute for

**657577/2019  MCMILLIAN, CRAIG vs. OUT-LOOK SAFETY LLC**
**Motion No.  005**

**Page 7 of 17**

summary judgment or trial." (*Isufi v Prometal Constr., Inc.*, 161 AD3d 623, 624 [1st Dept 2018] [citation omitted].)

Finally, because plaintiffs proffered sufficient evidence to demonstrate numerosity, defendants' reliance on *Feder v Staten Is. Hosp.*, 304 AD2d 470, 471 [1st Dept 2003] is misplaced. (*Id.* ["mere fact that the defendants process thousands of requests for medical records every year is speculative, and thus, insufficient to establish" numerosity of class of customers who were charged fees in violation of Public Health Law].)

*Commonality/Predominance*

"When individualized proof is required for the claims alleged or individual factual questions with respect to individual class members preponderate, commonality is lacking." (*Pludeman v N. Leasing Sys., Inc.*, 74 AD3d 420, 422-23 [1st Dept 2010] [citations omitted].)

> "However, the rule requires predominance not identity or unanimity among class members . . . . Thus, commonality is not merely an inquiry into whether common issues outnumber individual issues but rather whether the use of a class action would achieve economies of time, effort, and expense, and promote uniformity of decision as to persons similarly situated."

(*Id.* [internal quotation marks and citations omitted].)

Plaintiffs have met the commonality prerequisite. In this action, one common issue of fact predominates, namely, "did defendants utilize these workers in roles that would have entitled them to prevailing wages or did they perform purely traffic control as defined by the Comptroller?" (*Moran v JLJ IV Enters., Inc.*, 2020 NY Misc LEXIS 2799, 2020 NY Slip Op 31924[U], *7 [Sup Ct, NY County 2020]; *see also Lewis v Hallen Constr. Co., Inc.*, 193 AD3d 511, 512 [1st Dept 2021] ["commonality and typicality are established by the fact that all the claims arise from defendant's alleged failure to pay

657577/2019  MCMILLIAN, CRAIG vs. OUT-LOOK SAFETY LLC
Motion No. 005

Page 8 of 17

8 of 17

prevailing wages" (citations omitted)]; *Stecko v RLI Ins. Co.*, 121 AD3d 542, 543 [1st Dept 2014] ["The commonality prerequisite is met since all members of the class allege that defendant . . . failed to pay the required prevailing wage and supplemental benefits owed to them" (citation omitted)].)

Defendants argue that because the court would need to engage in individual analysis to determine each class member's specific duties and the amount of time the laborer worked as such, individual issues would predominate.

The court disagrees. "Certainly, the tasks that each individual flagger might have been required to perform might differ at each site, but the overarching questions are similar enough to warrant class certification." (*Moran*, 2020 NY Slip Op 31924[U], *7.) Although this matter may ultimately involve individual issues of proof, the issues subject to generalized proof predominate. (*See Borden v 400 E. 55th St. Assoc., L.P.*, 105 AD3d 630, 631 [1st Dept 2013] ["The need to conduct individualized damages inquiries does not obviate the utility of the class mechanism for this action, given the predominant common issues of liability" (citations omitted)]; *Moses v Consol. Edison Co. of New York, Inc.*, 2023 WL 2734331, at *5 [SD NY, Mar. 31, 2023, No. 18-CV-1200 (ALC)] ["The necessity of determining how much each flagger worked in no more than two roles will not take an inordinate amount of time, nor will it distract from the common issues"].)

*Typicality*

Plaintiffs' claims are typical of those of the class because the claims derive from the same alleged practice of depriving workers of prevailing wages and are based on the same legal theories. (*C.H. v Columbia Grammar & Preparatory Sch.*, 204 AD3d

**657577/2019  MCMILLIAN, CRAIG vs. OUT-LOOK SAFETY LLC**
**Motion No.  005**

Page 9 of 17

9 of 17

[* 9]

601, 601 [1st Dept 2022] [plaintiff's claims "are typical of those in the class . . . if they derive[] from the same practice or course of conduct that gave rise to the remaining claims of other class members and [are] based upon the same legal theory" [internal quotation marks and citation omitted].)

Even if general contractors employed different supervision and control practices, as defendants argue, these practices are not at issue. Rather, at issue are the pay practices and class members' job duties. For that reason, the court is not persuaded by Hawkeye's argument that because each plaintiff worked at Hawkeye's projects only once or twice, plaintiffs' claims are not typical.[9]

*Adequacy of Representation*

"A class representative acts as principal to the other class members and owes them a fiduciary duty to vigorously protect their interests." (*Rochester v Chiarella*, 65 NY2d 92, 100 [1985] [citations omitted].) "The factors to be considered in determining adequacy of representation are whether any conflict exists between the representative and the class members, the representative's familiarity with the lawsuit and his or her financial resources, and the competence and experience of class counsel." (*Ackerman*, 252 AD2d at 202 [citations omitted].)

Plaintiffs' claims are typical of those of the class, and thus plaintiffs and the class members share a common goal in this litigation. Under such circumstances, there is no conflict of interest. (*Griffith v W. 171 Assoc., LP*, 2019 NY Misc LEXIS 558, 2019 NY Slip Op 30322[U], *7-8 [Sup Ct, NY County 2019] [holding that no conflict of interest

---

[9] Tantillo testified that Hawkeye is one of Out-Looks largest clients. (NYSCEF 154, Tantillo depo at 39:7-16.) Accordingly, at this stage, the court rejects Hawkeye's argument that it is not a proper defendant.

**657577/2019 MCMILLIAN, CRAIG vs. OUT-LOOK SAFETY LLC**                    **Page 10 of 17**
**Motion No. 005**

[* 10]                                                    10 of 17

existed where named plaintiffs' claims were typical of those of class and they shared common goal].) The mere fact that Ballast is a plaintiff in a prevailing wage class action in federal court[10] is insufficient to show any conflict. Further, plaintiffs have demonstrated familiarity with the lawsuit in their deposition testimony. Their litigation costs are advanced. (*See* NYSCEF 148, Pelton aff ¶ 6.) Finally, there is no doubt as to the competence and experience of the class counsel. (*See id.* ¶¶ 2-8 [discussing Pelton Graham LLC's extensive experience with wage-and-hour litigation].)

The court rejects defendants' argument that Ballast and E. McMillan's criminal convictions[11] make them inappropriate representatives. (*See Adams v Bigsbee Enterprises, Inc.*, 53 Misc 3d 1210(A) [Sup Ct, NY County 2015] ["Courts that have disallowed prospective plaintiffs on the basis of prior convictions have done so only where a clear nexus existed between the conviction and the class claims . . . or where the criminal conduct bears directly on the proposed representative's honesty, credibility and integrity" (internal quotation marks and citations omitted)].) However, because C. McMillian's conviction of fraud in the first degree for cashing a bad check casts doubt on his honesty and credibility, he is not an adequate representative. (NYSCEF 193, C. McMillian depo at 17:1-10, 19:24-20:8; *see Pena v Taylor Farms Pac., Inc.*, 305 FRD 197, 216 [ED Cal 2015] [individual convicted of identity theft was not adequate class representative].)

---

[10] *Ballast v Workforce7 Inc.*, Index No. 20-cv-3812 (SD NY).

[11] Ballast testified that he was convicted of possession with intent distribute of a controlled substance in 1989 and of felony possession of a firearm in 1998 or 1999 (NYSCEF 208, Ballast depo at 22:6-13, 24:2-5.) E. McMillan testified that he was convicted of disorderly conduct. (NYSCEF 211, E. McMillan depo at 19:9-22.)

**657577/2019 MCMILLIAN, CRAIG vs. OUT-LOOK SAFETY LLC**
**Motion No. 005**

Page 11 of 17

[* 11]

*Superiority*

The court finds that plaintiffs have made an adequate showing of superiority under the particular facts and circumstances of this action. Indeed, "a class action is the superior vehicle for resolving wage disputes since the damages allegedly suffered by an individual class member are likely to be insignificant, and the costs of prosecuting individual actions would result in the class members having no realistic day in court." (*Lewis*, 193 AD3d at 512 [internal quotation marks and citations omitted].)

2. CPLR 902

The CPLR 902 factors weigh in favor of class certification. There is no indication that the class members have any interest in individually controlling the prosecution of separate claims. Although the parties identify three other ongoing prevailing wage matters in which plaintiffs' counsel is involved,[12] plaintiffs' counsel avers that "[n]one of [these] matters have defendants in common with the present matter, excepting the *Hallen* matter, in which Out-Look Safety LLC is a defendant" and that "[n]one of the groups of plaintiffs in any of [these three] matters overlap with the proposed class in the present matter." (NYSCEF 226, Pelton aff ¶¶ 2-5.) Finally, given that the class members worked on worksites in New York city, litigation in this forum is desirable.

3. Class Definition

Plaintiffs seek to maintain the class of "all persons employed by Out-Look Safety LLC at any time since April 16, 2018 through the present who worked as non-union construction flaggers on Restani, Safeway, Triumph and/or Hawkeye projects requiring

---

[12] *Moses v Consolidated Edison Company of New York*, Index No. 18-cv-1200 (SD NY), *Ballast v Workforce7 Inc.*, Index No. 20-cv-3812 (SD NY), and *Brown v The Hallen Construction Co.*, Index. No. 657160/2021 (Sup Ct, NY County).

**657577/2019  MCMILLIAN, CRAIG vs. OUT-LOOK SAFETY LLC**
**Motion No.  005**

Page 12 of 17

[* 12]

12 of 17

the payment of prevailing wages in New York City." (NYSCEF 145, notice of motion.)[13]

Defendants argue that plaintiffs propose an impermissible fail-safe class definition because it refers to flaggers.

A proposed class may not be a fail-safe class, that is, one "whose membership can only be ascertained by a determination of the merits of the case because the class is defined in terms of the ultimate question of liability." (*Hicks v T.L. Cannon Corp.*, 35 F Supp 3d 329, 356 [WD NY 2014] [internal quotation marks and citation omitted].) A fail-safe class is improper because it "shields the putative class members from receiving an adverse judgment." (*Hardgers-Powell v Angels in Your Home LLC*, 330 FRD 89, 101 [WD NY 2019] [citation omitted].)

The court disagrees that the reference to flaggers in the class definition is impermissible. The question of liability turns on *inter alia* whether plaintiffs and the class members were "performing flagging duties which fall within the job description of laborer." (*Little*, 2017 US Dist LEXIS 86712, *12, quoting Comptroller's Prevailing Wage Memorandum, March 13, 2001.) Indeed, "the pivotal question is not how defendant characterized [the class members], but whether the nature of the work they actually performed required payment of prevailing wages." (*Herman*, 204 AD3d at 496.)

The court finds unpersuasive defendants' attack on the proposed class definition to the extent that the definition includes any person who was (i) employed by Out-Look since April 16, 2018 through the present, (ii) working at a specific job with a specific general contractor, and (iii) not member of a labor union. No ultimate finding on the

---

[13] Plaintiffs state that they have chosen April 16, 2018 as a cutoff date because Out-Look's initial corporate filing was made April 16, 2018. (NYSCEF 147, plaintiffs' memo at 11 n 1.)

**657577/2019   MCMILLIAN, CRAIG vs. OUT-LOOK SAFETY LLC**
**Motion No. 005**

Page 13 of 17

merits is required to ascertain membership in a class so defined. Indeed, similar class definitions have been approved. (*Moran*, 2020 NY Slip Op 31924[U], *8 [Sup Ct, NY County] [class of "all non-union employees . . . who worked as flaggers, flagpersons, and/or pedestrian crossing guards on any of (defendant's) public work sites in New York City at any point between January 1, 2014 and February 8, 2019"]; *Herman,* Index No. 652249/2017, NYSCEF 84, Order at 2 [class of "all persons employed by Defendant or subcontracted by Defendant . . .at any time from April 26, 2011 through the present who worked as non-union flaggers on public works projects in the State on New York"].)

However, whether the public works contracts required the payment of prevailing wages on subject projects is among the ultimate issues of liability. Accordingly, the court amends class definition as follows: "all persons employed by Out-Look Safety LLC at any time since April 16, 2018, through the January 28, 2024, who worked as non-union construction flaggers on Restani, Safeway, Triumph and/or Hawkeye projects." (*Henix v Liveonny, Inc.*, 2019 NY Misc LEXIS 2680, 2019 NY Slip Op 31444[U], *13 [Sup Ct, NY County 2019] ["court may exercise its discretion to amend the class definition"])

4. Merits

On a class certification motion the court considers the merits only to ensure that "on the surface there appears to be a cause of action which is not a sham." (*Pludeman*, 74 AD3d at 422.) At this stage, analysis of merits "is not intended to be a substitute for summary judgment or trial." (*Kudinov v Kel-Tech Constr. Inc.*, 65 AD3d 481, 482 [1st Dept 2009].)

The court again rejects defendants' argument that by nature of their job duties, plaintiffs were not entitled to prevailing wages and thus their claims are meritless. At

**657577/2019  MCMILLIAN, CRAIG vs. OUT-LOOK SAFETY LLC**
**Motion No.  005**

Page 14 of 17

14 of 17

this stage, plaintiffs have sufficiently demonstrated that plaintiffs and the class members performed flagger duties that might fall within the relevant job description. (*See supra* at 6-8.)

Defendants next contend the breach of contract claim is meritless because plaintiffs and the class members are not general contractors' employees and thus are not third-party beneficiaries of the public work contracts, which require the payment of prevailing wages. The court disagrees. "[T]he employees of the subcontractor are third-party beneficiaries of the prevailing wage promise in the prime contract and should be permitted to allege that the general contractor breached that obligation." (*Wrobel v Shaw Envtl. & Infrastructure Eng'g of NY, P.C.*, 56 Misc 3d 798, 805 [Sup Ct, NY County 2017] [denying motion to dismiss breach of contract claim, which was asserted by subcontractors' employees against prime contractor and based on prime contract's

**657577/2019 MCMILLIAN, CRAIG vs. OUT-LOOK SAFETY LLC**
**Motion No. 005**

**Page 15 of 17**

15 of 17

prevailing wage clause], *affd* 166 AD3d 520 [1st Dept 2018].)[14] Thus, plaintiffs' breach of contract claim is not a sham.[15]

The court has considered all other arguments made by all parties and finds that they do not change the outcome.

Accordingly, it is

ORDERED plaintiffs motion is granted, to the extent that that plaintiffs' claims in the amended complaint are certified as a CPLR 901 class action on behalf of a class defined as: all persons employed by Out-Look Safety LLC at any time since April 16, 2018, through January 28, 2024, who worked as non-union construction flaggers on Restani, Safeway, Triumph and/or Hawkeye projects; and it is further

ORDERED that Victor Ballast and Eian McMillan are certified as class representatives; and it is further

ORDERED that Pelton Graham LLC is appointed class counsel; and it is further

ORDERED that class counsel shall amend Notice of Pendency of Class Action (NYSCEF 184) in accordance with this decision and submit it for the court's approval

---

[14] In *Barragan-Aquino v E. Port Excavation & Util. Contractors, Inc.*, 2014 WL 1117269, *8 (ED NY, Mar. 18, 2014, No. 13-CV-343 [SJF] [ARL]), the court held that subcontractor' employees did not have the right, as third-party beneficiaries, to sue the general contractor for unpaid prevailing wages under the prime contract. However, this court "concludes that the better-reasoned authority is that of the New York state courts, which, as far as this Court has been able to determine, have uniformly allowed the employees of subcontractors on New York public works projects to assert third-party-beneficiary claims against the general contractor for breach of its contractual obligation, as mandated by Section 220 of the NYLL, to ensure the payment of prevailing wages to all workers on the project." (*Solouk v Eur. Copper Specialties, Inc.*, 2019 US Dist LEXIS 81267, *30 [SD NY, May 2, 2019, No. 14-cv-8954 (DF)].)

[15] The issue of whether general contractors jointly employed plaintiffs and the class members need not be addressed at this time because even absent employment relationships, plaintiffs' claims are not a sham. (*Wrobel*, 56 Misc 3d at 805.) Similarly, at this stage, the court need not address the issue of whether joint and several liability of defendants' is sufficiently supported by the record.

657577/2019   MCMILLIAN, CRAIG vs. OUT-LOOK SAFETY LLC
Motion No.  005

Page 16 of 17

(via NYSCEF and email to SFC-PART48@nycourts.gov) within 7 days of the date of this decision;[16] and it is further

ORDERED that defendants shall provide to plaintiffs via email the names, addresses, phone numbers, and email addresses of all potential class members who worked as a flagger from April 16, 2018, through January 28, 2024, within 20 days of this decision in Microsoft Word or Microsoft Excel format; and it is further

ORDERED that plaintiffs' request for defendants to disclose social security numbers for those class members whose Notices of Pendency of Class Action are returned as undeliverable without a forwarding address is denied, and plaintiffs may request the court to reconsider if and when any such notices are so returned and the parties cannot agree to a remedy; and it is further

ORDERED that class members may exclude themselves from the class by sending a written request to class counsel within 30 days from mailing of the Notice of Pendency of Class Action.

| 1/28/2024 | | | | | |
|-----------|---|---|---|---|---|
| **DATE** | | | | **ANDREA MASLEY, J.S.C.** | |
| CHECK ONE: | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | | |
| | ☐ GRANTED | ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER | |
| APPLICATION: | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE | |

---

[16] Defendants' requested amendments to the Notice of Pendency of Class Action are rejected as they are likely to confuse class members. Specifically, defendants request that the notice state that "[d]efendants claim the crossing guards sole duty was alleviating vehicular congestion by directing the flow of street traffic away from the vicinity of the construction site, which is traffic control duty, and that their duties were not on a construction site and therefore the Plaintiffs are not owed any wages and this action should not proceed as a class action" and warns that putative plaintiffs "may be liable for attorneys' fees if the action is dismissed or [p]laintiffs lose at trial." (NYSCEF 213, Out-Look & Safeway memo at 30.)

657577/2019   MCMILLIAN, CRAIG vs. OUT-LOOK SAFETY LLC
Motion No.  005

Page 17 of 17

17 of 17