Richmond v Perfetto Enter. Co., Inc. (2025 NY Slip Op 50402(U))

[*1]

Richmond v Perfetto Enter. Co., Inc.

2025 NY Slip Op 50402(U)

Decided on March 28, 2025

Supreme Court, Kings County

Rivera, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 28, 2025
Supreme Court, Kings County

Compton Richmond, MARCUS WASHINGTON, and MATICA PRUITT, Individually and On Behalf of All Putative Class Members, Plaintiffs,

against
Perfetto Enterprise Co., Inc., NATIONWIDE MUTUAL INSURANCE COMPANY, and JOHN DOE BONDING COMPANIES, Jointly and Severally, Defendants.

Index No. 517693/23

Attorneys for Plaintiffs
Brent Edward Pelton
Pelton Graham LLC
111 Broadway Rm. 1503
New York, NY 10006
(212) 385-9700
pelton@peltonlaw.com
Attorneys for Defendants Perfetto Enterprise Co., Inc. and Nationwide Mutual Insurance Company
Previn Ajit Waran
Grae & Grae LLC
120 Broadway 28th Floor
New York, NY 10271
(212) 221-8763
pwaran@graelaw.com
Casey Jonathan Rahn
Grae & Grae LLC
374 Millburn Ave Ste 200e
Millburn, NJ 07041 
(212) 221-8763 crahn@graelaw.com
Akansha Chandra
Grae & Grae LLC
374 Millburn Ave Ste 200e
Millburn, NJ 07041 
(212) 221-8763
achandra@graelaw.com

Francois A. Rivera, J.

The following e-filed papers read herein: NYSCEF Doc Nos.:
Notice of Motion/Order to Show Cause/Petition/Cross Motion and Affidavits (Affirmations) Annexed 14, 16, 18-21
Opposing Affidavits (Affirmations) 49, 62, 66, 70-72, 76
Affidavits/ Affirmations in Reply
Upon the foregoing papers, plaintiffs Compton Richmond, Marcus Washington, and Matica Pruitt move for an order, pursuant to CPLR 901 and 902, certifying the proposed class, appointing plaintiffs as representatives of the class, appointing plaintiffs' counsel as class counsel, authorizing plaintiffs to send the proposed notice of class action to the members of the class, and directing defendant Perfetto Enterprises Co., Inc., (Perfetto) to furnish plaintiffs with contact information for members of the proposed class (motion sequence number 1).
Plaintiffs' motion (motion sequence number 1) is granted to the extent that it is ORDERED that:
(1) plaintiffs' causes of actions for breach of contract, suretyship and violations of Labor Law § 220-g (first, third and fourth causes of action) are certified as a CPLR § 901 class action on behalf of a class defined as: all persons employed by Perfetto Enterprises Co., Inc. ("Perfetto") or a subcontractor thereof at any time from October 30, 2016 through the entry of judgment in this case who worked as non-union flaggers on public works projects in New York City with respect to contracts solicited before July 1, 2024 (the "Class Members");
(2) plaintiffs Compton Richmond, Marcus Washington and Matica Pruitt are certified as class representatives for the Class;
(3) Pelton Graham LLC is appointed Class Counsel;
(4) the class action notice entitled "NOTICE OF PENDENCY OF CLASS ACTION" (NYSCEF Doc No. 34; Exhibit R to the affirmation of Brent E. Pelton), shall be modified in paragraph 7 thereof to inform potential class members that they must opt out of the class if they wish to pursue potential statutory damage claims under Labor Law § 198 (1-a), and with the modified class description stated in 1 above, is approved for mailing to the Class;
(5) Perfetto shall provide to plaintiffs, within thirty (30) days following the date that a copy of this order is served on Perfetto with notice of entry, the names, addresses, phone numbers and email addresses of all potential class members who worked as non-union flaggers at any time since October 30, 2016. To the extent that this information is not within Perfetto's possession for any subcontracted flaggers, Perfetto shall provide to plaintiffs the name of the subcontractor and name, phone number, and email address of Perfetto's primary contact with [*2]said subcontractor. This information shall be supplied digitally in one of the following formats: Microsoft Excel; or Microsoft Word;
(6) plaintiffs shall mail and email the Notice of Pendency of Class Action, as modified herein, to all potential plaintiffs no later than fifteen (15) days following receipt of Perfetto's disclosure of the contact information for the Class Members; and
(7) class members may exclude themselves from the class by sending a written request to class counsel within forty-five (45) days from the date that the Notice of Pendency of Class Action is mailed.
BACKGROUND
In this putative class action, plaintiffs assert that they and the proposed class members, while employed by Perfetto as non-union construction site flaggers, performed prevailing wage work within the meaning of Labor Law § 220 (3), Administrative Code of City of NY § 19-142, and the various public works contracts entered into between the City of New York (City) and Perfetto, but were paid significantly less than the prevailing wage for their work. Perfetto is a construction company that entered into various contracts with the City requiring below grade street excavation and construction and/or restoration of sewers and water mains and, ultimately, roadway and/or sidewalk restoration. Defendant Nationwide Mutual Insurance Company (Nationwide) is a company that issues payment bonds for construction projects that, inter alia, guarantee that the construction company pays prevailing wages, and plaintiffs allege that it was the company that issued payment bonds for Perfetto's contracts at issue.
The plaintiffs have each submitted affidavits in support of the motion. Richmond worked as a flagger for Perfetto from approximately June 2016 to March 2018, Pruitt from around November or December 2017 to February 2018, and Washington from late 2016 or early 2017 to January 2018. Each plaintiff states that they performed their duties in close proximity to the actual construction work. Their responsibilities included stopping and directing pedestrian and vehicle traffic to prevent entry to the job site, holding stop-and-go signs on flagpoles, guiding construction vehicles in and out of the site, and setting up and moving construction barriers. Additionally, Washington and Richmond specified that their duties also involved digging and shoveling, breaking up concrete with a jackhammer and other tools, and assisting with cleaning and sweeping the construction area. Non-party Damon Brannon, in his affidavit, stated that he was employed by Perfetto from around January 2023 to March 2023 as a non-union flagger, that he performed duties that were similar to those of plaintiffs, and that he was paid significantly less than the prevailing wage. Additionally, the plaintiffs and Brannon each asserted that all Perfetto flaggers with whom they worked performed the same types of duties.
In opposition, Perfetto has submitted affidavits from Perfetto supervisors who assert that plaintiffs and those in the proposed class all worked as "crossing guards," a specific job title identified in the bid schedules that was not part of any prevailing wage classifications relating to the contracts. In this crossing guard role, plaintiffs' tasks were limited to assisting pedestrians to cross the roadways and directing non-construction vehicles around the construction sites. These Perfetto supervisors also assert that plaintiffs performed these tasks at a distance from the zones of actual construction work and deny that plaintiffs were ever assigned tasks such as moving construction barrels and cones, escorting construction equipment in and out of worksites, or digging/shoveling debris, and using construction machinery and/or equipment. According to Perfetto's supervisors, these more traditional construction activities were performed by Perfetto's [*3]actual union construction laborers, not workers designated as "crossing guards," and that they never observed crossing guards performing work reserved for the construction laborers. These assertions were echoed by a union foreperson for one of Perfetto's projects involving plaintiffs. Claudio Perfetto, Perfetto's vice president, additionally asserts that if Perfetto had allowed the crossing guards to perform work that fell within the responsibilities of the union construction laborers, Perfetto could have faced grievances from the union workers' union based on violations of the collective bargaining agreement with Perfetto. Similarly, Claudio Perfetto states that the City's resident engineers were present at the various job sites observing the work, and that they would not have approved Perfetto's request for payment for the crossing guards' services for rates below the prevailing wage if they had observed crossing guards performing tasks beyond their limited responsibilities.
Nationwide, in opposition to plaintiffs' motion, has submitted an affidavit from Claudio Perfetto, who states that, based on a review of Perfetto's records, Nationwide only issued a payment bond with respect to a single Perfetto project that was identified as RED386. 
LAW AND APPLICATION
It is within this factual context that this court must consider plaintiffs' motion for class certification. CPLR 902 states that a class action can only be maintained if each of the prerequisites promulgated by CPLR 901 (a) are met (see Pludeman v Northern Leasing Sys., Inc., 74 AD3d 420, 421 [1st Dept 2010]; Alix v Wal-Mart Stores, Inc., 57 AD3d 1044, 1045 [3d Dept 2008]). Those prerequisites are: (1) that the class is so numerous that joinder of all members is impracticable (numerosity); (2) questions of law or fact common to the class predominate over questions of law or fact affecting individual class members (commonality or predominance); (3) the claims or defenses of the class representatives are typical of those in the class (typicality); (4) the class representatives will fairly and adequately protect the interests of the class; and (5) a class action represents the superior method of adjudicating the controversy (superiority) (see Jenack v Goshen Operations, LLC, 222 AD3d 36, 41 [2d Dept 2023]; Hurrell-Harring v State of New York, 81 AD3d 69, 71-72 [3d Dept 2011]; CPLR 901 [a]). If the prerequisites set out in CPLR 901 (a) are met, the court, in deciding whether to grant class action certification should then consider the additional factors promulgated by CPLR 902 such as the interest of individual class members in maintaining separate actions and the feasibility thereof; the existence of pending litigation regarding the same controversy; the desirability of the proposed class forum; and the difficulties likely to be encountered in managing the class action (CPLR 902; Jenack, 222 AD3d at 44; Ackerman v Price Waterhouse, 252 AD2d 179, 191 [1st Dept 1998]).
Whether the facts presented on a motion for class certification satisfy the statutory criteria is within the sound discretion of the trial court (see Small v Lorillard Tobacco Co., 94 NY2d 43, 52 [1999]; CLC/CFI Liquidating Trust v Bloomingdale's, Inc., 50 AD3d 446, 447 [1st Dept 2008]). The proponent of class certification bears the burden of establishing the criteria promulgated by CPLR 901 (a) (see CLC/CFI Liquidating Trust, 50 AD3d at 447; Ackerman, 252 AD2d at 191), and must do so by the tender of evidence in admissible form (Pludeman, 74 AD3d at 422; Feder v Staten Is. Hosp., 304 AD2d 470, 471 [1st Dept 2003]). Although it is appropriate to consider whether the claims have merit, this inquiry into the merits is not intended as substitute for summary judgment or a trial (see Pludeman, 74 AD3d at 422; Matros Automated Elec. Const. Corp. v Libman, 37 AD3d 313, 313 [1st Dept 2007]). As such, "inquiry [*4]on a motion for class action certification vis-a-vis the merits is limited to a determination as to whether on the surface there appears to be a cause of action which is not a sham" (Brandon v Chefetz, 106 AD2d 162, 168 [1st Dept 1985]; see Jenack, 222 AD3d at 40-41). Further, "[i]n view of the purposes to be served by the class action device and the ability to reverse or revise the status, we agree that the interests of justice require that in a doubtful case ... any error, if there is to be one, should be committed in favor of allowing the class action" (Friar v Vanguard Holding Corp., 78 AD2d 83, 100 [2d Dept 1980] [internal quotation marks omitted]).
Regarding plaintiffs' causes of action here, municipal public works contracts are statutorily required to provide for compliance with New York's prevailing wage requirements and workers who are not paid prevailing wages in violation of prevailing wage requirements have valid breach of contract causes of action as third-party beneficiaries of these municipal contracts (see Cox v NAP Constr. Co., Inc., 10 NY3d 592, 601-603 [2008]; Santana v San Mateo Constr. Corp., 234 AD3d 562, 563 [1st Dept 2025]; Wroble v Shaw Envtl. & Infrastructure Eng'g of NY, P.C., 166 AD3d 520, 521 [1st Dept 2018]; Singh v Zoria Hous., LLC, 163 AD3d 1025, 1025-1026 [2d Dept 2018]; Labor Law § 220 [3]; Administrative Code of City of NY § 19-142). Perfetto does not dispute that its contracts with the City generally require the payment of prevailing wages, and in its responses to plaintiffs' pre-certification discovery demands, it identified three such contracts.
Perfetto, however, argues that plaintiffs' flagging work at issue here did not constitute prevailing wage work covered by Labor Law § 220. Until July 1, 2024, the effective date of the New York City Comptroller's (Comptroller) revised standard for flaggers (NY St Cts Elec Filing [NYSCEF] Doc No. 25; https://comptroller.nyc.gov/wp-content/ uploads/2024/05/Comptroller-Updated-Flag-Person-Memorandum-6.1.2024.pdf),[FN1]
the Comptroller's guidance with respect to flaggers provided that a flagger would be considered to be performing Labor Law § 220 prevailing wage work when the worker was utilized on the worksite in "protecting the public from the inherent dangers on and about that site, safeguarding the work crew from the street traffic, and directing the movement of construction equipment in, on, and off the site" (NYSCEF Doc No. 24 [Comptroller's 2001 Prevailing Wage Memorandum dated March 13, 2001]; see also NYSCEF Doc No. 23 [May, 21, 1998 Comptroller Letter]). However, the Comptroller's previous guidance excluded from Labor Law § 220's prevailing wage coverage flaggers who did not work primarily on the work site and who were assigned to direct the flow of street traffic away from a construction site (NYSCEF Doc No. 24; NYSCEF Doc No. 23).
Here, the plaintiffs' affidavits, along with the affidavit of non-party Brannon, provide an evidentiary basis for finding that the plaintiffs and prospective class members performed qualifying prevailing wage work as identified by the Comptroller (see Herman v Judlau Contr., Inc., 204 AD3d 496, 496 [1st Dept 2022], lv dismissed 39 NY3d 1055 [2023]; McMillian v Out-Look Safety LLC, 2024 NY Slip Op 30336[U], *6-8 [Sup Ct, New York County 2024]; Thomas v JRCruz Corp., 2023 NY Slip Op 31149[U], *26-27 [Sup Ct, Kings County 2023]; Moran v JLJ IV Enters., Inc., 2020 NY Slip Op 31924[U], *7 [Sup Ct, New York County 2020]; see also [*5]Santana, 234 AD3d at 562-563). In this regard, in their affidavits, they assert that they performed their duties on or in close proximity to the construction work, which included, among other things, tasks such as directing construction vehicles on and off the jobsite, setting up and moving construction barriers, and performing the same duties as other Perfetto flaggers they worked with.
Contrary to Perfetto's contentions, the affidavits submitted by plaintiffs provide sufficient factual detail to preclude rejecting them as conclusory, and the fact that the affidavits may be considered self-serving is not, in and of itself, a basis for finding them insufficient to provide a factual basis for plaintiffs' claims (see Signorelli v Great Atl. & Pac. Tea Co., Inc., 70 AD3d 439, 440 [1st Dept 2020]; Colao v St. Vincent's Med. Ctr., 65 AD3d 660, 661 [2d Dept 2009]; Mackey v Sangani, 238 AD2d 919, 920 [4th Dept 1997]; cf. Burns v City of New York, 181 AD3d 554, 556 [2d Dept 2020]). Although Perfetto's supervisors asserted that plaintiffs' work was limited to "traffic control" work away from the construction site which would not be covered as prevailing wage under the Comptroller's guidelines, the existence of factual issues regarding the nature of the work performed by the flaggers is not a basis for declining to certify a class since the threshold determination of class certification is not a substitute for summary judgment or a trial (see Isufi v Prometal Constr., Inc., 161 AD3d 623, 624 [1st Dept 2018]; McMillian, 2024 NY Slip Op 30336[U], *7; see also Jenack, 222 AD3d at 47). In sum, plaintiffs have adequately demonstrated that their claims are not an apparent sham (see Jenack, 222 AD3d at 40-41, 47; Brandon, 106 AD2d at 168).
With respect to the prerequisites of CPLR 901, plaintiffs point out that Perfetto, in its responses to pre-certification discovery, identified approximately 50 other flaggers employed on projects relating to the three contracts. 50 such flaggers present a sufficient number of potential class members to satisfy the numerosity requirement of CPLR 901 (a) (1) (see Chua v Trim-Line Hitech Constr. Corp., 225 AD3d 565, 566 [1st Dept 2024]; Lewis v Hallen Constr. Co., Inc., 193 AD3d 511, 512 [1st Dept 2021]; see also Bordon v 400 E. 55th St. Assoc., L.P., 24 NY3d 382, 399 [2014]). The affidavits of plaintiffs and Brannon, suggesting that all of the flaggers with whom they worked performed work qualifying as prevailing wage work for which they were not paid prevailing wages is sufficient to satisfy the commonality and typicality prerequisites of CPLR 901 (a) (2) and (3) (see Chua, 225 AD3d at 566; see also Bordon, 24 NY3d at 399). Perfetto's blanket denial that the plaintiffs and prospective class members performed prevailing wage work does not, by itself, establish that individualized determinations of who performed prevailing wage work will be required (see Chua, 225 AD3d at 566; Jenack, 222 AD3d at 45-46 [that putative class members may have suffered different damages is generally not a ground for denying class certification]; see also Herman, 204 AD3d at 496). Plaintiffs have also demonstrated that they and their counsel will adequately represent the interests of the class (see Pesantez v Boyle Envt. Servs., 251 AD2d 11, 12 [1st Dept 1998]). A class action is the superior vehicle for resolving this prevailing wage dispute because plaintiffs have shown that the damages allegedly suffered by an individual class member are likely to be insignificant and that the costs of prosecuting individual actions would result in the class members having no realistic day in court (see Chua, 225 AD3d at 566; Nawrocki v Proto Constr. & Dev. Corp., 82 AD3d 534, 536 [1st Dept 2011]; see also Andryeyeva v New York Health Care, Inc., 33 NY3d 152, 184 [*6][2019]).[FN2]

The CPLR 902 factors also weigh in favor of class certification, given that, among other considerations, the burden on litigants and on the courts would likely be significantly increased if aggrieved employees were forced to pursue individual lawsuits (see Chau, 225 AD3d at 567; Jenack, 222 AD3d at 46-47; see also Bordon, 24 NY3d at 399]).
In making this determination that certification is warranted, the court emphasizes that it has considerable flexibility in overseeing a class action, and may divide the class into subclasses relating to particular issues, or it may decertify the class if it becomes apparent prior to a determination on the merits that class treatment is inappropriate (see City of New York v Maul, 14 NY3d 499, 513-514 [2010]; Pludeman v Northern Leasing Sys., Inc., 142 AD3d 914, 915 [1st Dept 2016]; CPLR 902, 906 [2]).
The court, however, declines to certify plaintiffs' second cause of action premised on wage notice violations under Labor Law § 195 (1) as that claim, at least as pleaded here, violates CPLR 901 (b), which provides that "[u]nless a statute creating or imposing a penalty, or a minimum measure of recovery specifically authorizes the recovery thereof in a class action, an action to recover a penalty, or minimum measure of recovery created or imposed by statute may not be maintained as a class action." In this regard, the only damage plaintiffs have pleaded in their complaint with respect to the wage notice cause of action are the statutory damages provided for in Labor Law § 198 (1-b). As Labor Law § 198 (1-b) does not specifically authorize recovery as part of a class action, and as its provision of statutory damages constitutes a "minimum measure of recovery" within the meaning of CPLR 901 (b), plaintiffs' wage notice claim cannot be certified as a class action (see Thomas, 2023 NY Slip Op 31149, *31; Herman v Judlau Contr. Inc., 2024 WL 965216[U], *9 [Sup Ct, New York County 2024, Shamas, Special Referee]).
Plaintiffs request that the class be identified as, "all persons employed by Perfetto Enterprises Co., Inc. ('Perfetto') or a subcontractor thereof at any time from October 30, 2016 through the entry of judgment in this case who worked as non-union flaggers on public works projects in New York City (the 'Class Members')." Perfetto objects to the proposed class on the ground that not all flaggers working for it performed prevailing wage work and asserts that class membership should be determined based on whether the class members performed prevailing wage work within the meaning of the Comptroller's guidance. Given that plaintiffs' allegations and proof suggest that the flaggers, as a group, performed prevailing wage work, this court is not inclined to specifically limit the class at this juncture. However, as noted above, this court retains the authority to revisit this issue until a decision on the merits is made (see City of New York v Maul, 14 NY3d at 513-514; Pludeman, 142 AD3d at 915; CPLR 902, 906 [2]).
In view of the Comptroller's guidance providing that all individuals performing flagger tasks for contracts or subcontracts solicited after July 1, 2024, will be deemed to be performing prevailing wage work (NYSCER Doc No. 25), this court will limit the class to contracts solicited before July 1, 2024, as the factual and legal issues for contracts solicited on or after that date will [*7]be different (see Maor v One Fifty Fifty Seven Corp., 169 AD3d 497, 498 [1st Dept 2019]).
This court finds that, in addition to the information provided on the proposed class notice, paragraph seven of the class notice should inform the class members that they must opt out of the class if they desire to pursue a claim for statutory remedies under Labor Law § 198 (1-a) (see Thomas v Meyers Assoc., L.P., 39 Misc 3d 1217[A], 2013 NY Slip Op 50650[U], *4, 11 [Sup Ct, New York County 2013]; see Krebs v Canyon Club, Inc., 22 Misc 3d 1125[A], 2009 NY Slip Op 50291[U], *15 [Sup Ct, Westchester County 2009]; see also Pesantez, 251 AD2d at 12).
As Nationwide has conceded that it issued a payment bond relating to one of Perfetto's public works contracts with the City (identified as RED386), the court will also certify the class action with respect to the causes of action as against Nationwide (Pesantez v Boyle Envt. Servs., 251 AD2d 11, 12-13 [1st Dept 1998]). At this juncture, the court declines to narrow the class or create a subclass with respect to Nationwide as the only proof that Nationwide has submitted with respect to the bonds is Claudio Perfetto's conclusory affidavit in which he asserts that the RED386 project was the only project that Nationwide bonded for Perfetto. If, however, this RED386 project is indeed the only Perfetto project bonded by Nationwide, it will be appropriate for this court to create a subclass of claims against Nationwide limited to the flaggers involved in that project (see City, 14 NY3d at 513-514; Pludeman, 142 AD3d at 915; CPLR 902, 906 [2]; see also Kudinov v Kel-Tech Constr. Inc., 2007 NY Slip Op 32495[U], *11 [Sup Ct, Kings County 2007], affd 65 AD3d 481 [2d Dept 2009]). 
The foregoing constitutes the decision and order of this Court.
E N T E R
J.S.C.

Footnotes

Footnote 1:The comptroller's June 1, 2024 memorandum essentially provides that all workers performing flagger work in, on, and off site are subject to the prevailing wage requirements of Labor Law § 220 with respect to public works contracts or subcontracts solicited on or after July 1, 2024 (NYSCEF Doc No. 25). 

Footnote 2:Although defendants posit that individual plaintiffs could still be entitled to significant recoveries based on the difference between the wages paid and the prevailing wage, workers like Pruitt and Brannon, who each only worked for Perfetto for a few months, would not have significant recoveries that would warrant them commencing their own individual actions.