Herman v Judlau Contr., Inc. (2022 NY Slip Op 02493)

Herman v Judlau Contr., Inc.

2022 NY Slip Op 02493

Decided on April 14, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 14, 2022

Before: Acosta, P.J., Kern, González, Shulman, JJ. 

Index No. 652249/17 Appeal No. 15723 Case No. 2021-03871 

[*1]Rachel Herman et al., Plaintiffs-Respondents,
v
Judlau Contracting, Inc., Defendant-Appellant.

Troutman Pepper Hamilton Sanders LLP, New York (Matthew R. Cali of counsel), for appellant.
Pelton Graham LLC, New York (Taylor B. Graham of counsel), for respondents.

Order, Supreme Court, New York County (Andrew Borrok, J.), entered May 11, 2021, which granted plaintiffs' motion for summary judgment as to liability, denied defendant's motion for summary judgment dismissing the complaint and referred the matter to a Special Referee to determine the amount of damages, unanimously affirmed, with costs.
Under Labor Law § 220, the New York City Comptroller is charged with setting prevailing wage schedules and trade classifications on public works projects within the City of New York (Labor Law § 220[3][c], [5][e]). The Comptroller's prior interpretations of what specific types of flagger duties were entitled to prevailing wages under Labor Law § 220 were neither irrational nor unreasonable, and we therefore defer to those interpretations (see Lantry v State, 6 NY3d 49, 55 [2005]; see also Ramos v SimplexGrinnell LP, 773 F3d 394, 395-396 [2d Cir 2014]).
Plaintiffs established entitlement to summary judgment through undisputed testimony about the nature of their flagger duties, which were consistent with the type of qualifying work identified by the Comptroller as entitled to prevailing wages — namely, work involving a protection of public safety near a construction site. In opposition, defendant failed to establish a disputed issue of material fact (cf. Little v Carlo Lizza & Sons Paving, Inc., US Dist Ct, SD NY 15 Civ 7423 Engelmayer, J., 2017 [issue of material fact presented as to whether plaintiffs performed safety functions in close proximity to construction sites, as opposed to performing "traffic control," away from construction sites]). While defendant may have characterized plaintiffs as "crossing guards," the pivotal question is not how defendant characterized them, but whether the nature of the work they actually performed required payment of prevailing wages (Tenalp v Constr. Corp. Roberts, 141 AD2d 81, 85 [2d Dept 1988]; see also Sewer Environmental Contrs, Inc. v Goldin, 98 AD2d 606, 606 [1st Dept 1983]).
We have considered defendant's remaining contentions, including that the qualifying work performed by plaintiffs was de minimis and that issues of fact exist as to defendant's liability under Labor Law § 195, and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 14, 2022