| |
|---|
| **Gordon v Triumph Constr. Corp.** |
| 2024 NY Slip Op 34223(U) |
| November 26, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 656523/2022 |
| Judge: Lori S. Sattler |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. LORI S. SATTLER**

*Justice*

PART **02M**

------------------------------------------------------------------------------X

JAVON GORDON, MICHAEL BLACKSON, KENNETH SAPP, TELVAN REAVES, RAMON RODRIGUEZ, ARTHUR ROWE

Plaintiff,

- v -

TRIUMPH CONSTRUCTION CORP., CONE HEADS LTD., TERRENCE SWIRE, LIBERTY MUTUAL INSURANCE COMPANY, ABC BONDING COMPANIES,

Defendant.

------------------------------------------------------------------------------X

INDEX NO. 656523/2022

MOTION DATE 03/20/2024

MOTION SEQ. NO. 003

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 003) 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 81, 82, 83, 84

were read on this motion to/for _____ DISMISSAL _____.

This is a putative class action alleging underpayment of prevailing wages on behalf of two classes, both of whom are comprised of non-union flaggers who worked on public construction projects for which Defendant Triumph Construction Corp. ("Triumph") was general contractor ("Public Works Projects"). In this motion, Triumph and Defendant Liberty Mutual Insurance Company ("Liberty Mutual") (collectively, "Moving Defendants") seek dismissal of the first cause of action, asserted against Triumph, and of the second and third causes of action, asserted against Liberty Mutual. They also move to bar Plaintiffs from relying on a joint employer theory of liability against Triumph and striking all allegations made in furtherance of that theory. Plaintiffs oppose. The other two defendants, Cone Heads, Ltd. ("Cone Heads") and Terrence Swire, take no position.

The Amended Complaint (NYSCEF Doc. No. 65) asserts class claims on behalf of two putative classes. The first, referred to in the papers as the Prevailing Wage Class or "PW Class,"

**656523/2022  GORDON, JAVON ET AL vs. TRIUMPH CONSTRUCTION CORP. ET AL**
**Motion No.  003**

**Page 1 of 7**

1 of 7

is comprised of all workers employed as non-union flaggers by Triumph or its subcontractor Cone Heads from October 10, 2015 through entry of judgment on Triumph's Public Works Projects. The first through third causes of action are brought against Triumph and Liberty Mutual on behalf of Plaintiffs and the PW Class.

The first cause of action, against Triumph only, asserts breach of contract. The Amended Complaint alleges that Triumph failed to pay Plaintiffs and members of the PW Class pursuant to prevailing wage laws, and that this failure "constituted a material breach of the contracts entered into directly or indirectly between Triumph and certain public entities" (Amended Complaint ¶ 123). The second cause of action, against Liberty Mutual, alleges that Liberty Mutual issued bonds to Triumph for these projects, and in doing so "assumed joint and several liability with Triumph to pay or ensure payment to the Plaintiffs and PW Class Members any and all prevailing wages and supplemental benefits due and owing them which Triumph failed to pay" (*id.* ¶ 126). Likewise, the third cause of action, asserted against Liberty Mutual, is made pursuant to Labor Law § 220-g, which provides for a right of action against bonding companies as a means of enforcing Article 8 of the Labor Law.

When considering a motion to dismiss for failure to state a cause of action under CPLR 3211(a)(7), "the allegations in the complaint are to be afforded liberal construction, and the facts alleged therein are to be accepted as true, according a plaintiff the benefit of every possible favorable inference and determining only whether the facts alleged fit within any cognizable legal theory" (*M&E 73-75 LLC v 57 Fusion LLC*, 189 AD3d 1, 5 [1st Dept 2020]). "[F]actual allegations which fail to state a viable cause of action, that consist of bare legal conclusions, or that are inherently incredible or unequivocally contradicted by documentary evidence, are not entitled to such consideration" (*Leder v Spiegel*, 31 AD3d 266, 267 [1st Dept 2006]).

**656523/2022   GORDON, JAVON ET AL vs. TRIUMPH CONSTRUCTION CORP. ET AL**
**Motion No.  003**

**Page 2 of 7**

2 of 7

[* 2]

With respect to the first cause of action for breach of contract against Triumph, Moving Defendants argue Plaintiffs fail to state a claim because they were required to exhaust administrative remedies and failed to do so. They maintain there is disagreement between the parties as to whether the members of the PW Class were working as flaggers on the Public Works Projects, which would entitle them to prevailing wages under Labor Law § 220, or whether they were crossing guards, which would not. They refer to two memoranda which define the duties of the two categories of workers (NYSCEF Doc. No. 63, Moving Defendants' Memorandum of Law in Support of Motion, 5-6). Moving Defendants argue Plaintiffs were therefore first required to institute administrative proceedings before the New York City Office of the Comptroller's Department of Labor "for a determination as to whether prevailing wage requirements applied to the work they actually performed and whether Triumph violated those requirements" (*id.* at 11). They rely primarily on *Van Osten v HuiCatao Corp.*, Queens County Index No. 709785/2022, February 9, 2024, Grays, J. (NYSCEF Doc. No. 68).

In response, Plaintiffs argue that long established case law provides that, unlike claims brought pursuant to Labor Law § 220, workers need not exhaust administrative remedies before commencing a breach of contract claim. They maintain that the *Van Osten* decision is distinguishable and in any event not binding on this Court.

Labor Law § 220 requires that laborers, workers or mechanics employed on public works projects must be paid prevailing wages. "[T]he New York City Comptroller is charged with setting prevailing wage schedules and trade classifications within the City of New York" (*Herman v Judlau Contr., Inc.*, 204 AD3d 496, 496 [1st Dept 2022], citing Labor Law § 220[3][c], [5][e]). There is "no private right of action for underpayment of wages pursuant to Labor Law § 220 until there has been an administrative determination that has either gone

**656523/2022  GORDON, JAVON ET AL vs. TRIUMPH CONSTRUCTION CORP. ET AL**
**Motion No.  003**

**Page 3 of 7**

3 of 7

unreviewed or been affirmed in the claimants-employees' favor" (*High Tech Enters. & Elec. Servs. of NY, Inc. v Expert Elec., Inc.*, 113 AD3d 546, 548 [1st Dept 2014]).

However, the Labor Law is not the exclusive remedy to recover prevailing wages (*LaCruz v Caddell Dry Dock & Repair Co., Inc.*, 22 AD3d 404, 405 [1st Dept 2005]). Workers employed pursuant to public works contracts "have both an administrative remedy under the statute as well as a third-party right to make a breach of contract claim for underpayment against the general contractor" (*Wroble v Shaw Envtl. & Infrastructure Eng'g of N.Y., P.C.*, 166 AD3d 520, 521 [1st Dept 2018]; *see also Nawrocki v Proto Constr. & Dev. Corp.*, 82 AD3d 534, 536 [1st Dept 2011], quoting *Pesantez v Boyle Envtl. Servs.*, 251 AD2d 11, 12 [1st Dept 1998]; *Herman v Judlau Contr.*, 2021 NY Slip Op 31640[U] [New York County 2021] [Borrok, J.] [granting summary judgment to plaintiff class as to defendant's liability on plaintiff's breach of contract claims for unpaid prevailing wages upon a finding that the class members performed flagging duties rather than crossing guard duties] *affd* 204 AD3d 496). None of these cases require that plaintiffs who pursue third-party breach of contract claims must exhaust administrative remedies prior to commencing such claims.

The Amended Complaint alleges that Plaintiffs and PW Class members were non-union flaggers working on Triumph's Public Works Projects, requiring payment of prevailing wages. It further alleges these class members were not paid such wages. This is sufficient to state a claim for breach of contract. Contrary to Defendants' contention, Plaintiffs are not required to exhaust administrative remedies on such a claim. The *Van Osten* decision relied upon by Moving Defendants denied plaintiffs' motion for class certification and in doing so focused on those plaintiffs' Labor Law § 220 claims. Notably, that Court relied on *Brandy v Canea Mare Contr., Inc.*, 34 AD3d 512 [2d Dept 2006]). In *Brandy*, the Court held that Labor Law §§ 220 and 200-g

**656523/2022   GORDON, JAVON ET AL vs. TRIUMPH CONSTRUCTION CORP. ET AL**
**Motion No.  003**

**Page 4 of 7**

[* 4]

4 of 7

claims were properly dismissed due to the failure to exhaust administrative remedies. However, it also held that the trial court properly declined to dismiss the common law claims (*id.* at 514), which supports the position of Plaintiffs here that no exhaustion of administrative remedies is required to maintain a common law breach of contract claim. Therefore, Moving Defendants' motion to dismiss the first cause of action is denied.

Moving Defendants further argue that the causes of action against Liberty Mutual are subject to a one-year statute of limitations and are time-barred. On a motion to dismiss pursuant to CPLR 3211(a)(5) on the ground that a claim is barred by the statute of limitations, "a defendant bears the initial burden of establishing, prima facie, that the time in which to sue has expired. In considering the motion, a court must take the allegations in the complaint as true and resolve all inferences in favor of the plaintiff" (*Norddeutsche Landesbank Girozentral v Tilton*, 149 AD3d 152, 158 [1st Dept 2017]).

Moving Defendants cite Labor Law § 220-g, which requires that where these causes of action are brought against the bond issuer without prior notice, they must be commenced "within one year of the date of the last alleged underpayment." They maintain that per the Amended Complaint, all named Plaintiffs ended their employment with Triumph or Cone Heads more than one year before this action was commenced, even when accounting for the Covid-19 tolling period. In response, Plaintiffs argue that Moving Defendants cannot meet their burden without first producing the relevant Triumph contracts stating the end dates of the work performed on all Public Works Projects, which might be the date of the last alleged underpayment to a putative class member. Plaintiffs further maintain that pursuant to New York State Finance Law § 137, the statute of limitations contained in the bonds themselves supersedes the statutory statute of limitations. They annex a "sample" bond containing a two-year statute of limitations and argue

**656523/2022  GORDON, JAVON ET AL vs. TRIUMPH CONSTRUCTION CORP. ET AL**
**Motion No.  003**

**Page 5 of 7**

5 of 7

that, at a minimum, the causes of action against Liberty Mutual are still timely as to some of the named Plaintiffs and cannot be dismissed entirely.

At this pre-discovery motion to dismiss, there are unresolved factual questions about the end dates of the work performed, whether violations continued during the duration of the contracts, the identities of putative class members and their dates of employment, as well as the statute of limitations contained in all relevant bonds issued by Liberty Mutual. Because of these questions, Moving Defendants fail to meet their burden of proving that Plaintiffs' time to sue has expired. Accordingly, this branch of Moving Defendants' motion is denied without prejudice.

Finally, Moving Defendants seek an order striking all allegations relating to a "joint employer" relationship between Cone Heads and Triumph. They maintain that Plaintiffs have already agreed not to pursue joint employer allegations and conceded that their one cause of action against Triumph for breach of contract does not rely on any joint employer theory of liability. Nevertheless, Moving Defendants request that any allegations be formally stricken. In response, Plaintiffs confirm they do not rely on a joint employer theory of liability on the cause of action brought against Triumph. They "recognize that the single mention of 'joint employment' in the Amended Complaint (FAC ¶ 49) was mistakenly included" and agree that that paragraph may be stricken. They maintain that doing so on consent would render this branch of Moving Defendants' motion moot (NYSCEF Doc. No. 71, Plaintiffs' Memorandum of Law in Opposition, 14). In reply, Moving Defendants reiterate their request based on Plaintiffs' concession that they are not pursuing a joint employer theory, but do not enumerate what other portions of the Amended Complaint should be stricken. Accordingly, their motion is granted to the extent that Paragraph 49 of the Amended Complaint is stricken.

Accordingly for the reasons set forth herein, it is hereby:

**656523/2022  GORDON, JAVON ET AL vs. TRIUMPH CONSTRUCTION CORP. ET AL**          **Page 6 of 7**
**Motion No.  003**

[* 6]

6 of 7

ORDERED that the motion is granted to the extent of striking Paragraph 49 of the Amended Complaint and is otherwise denied; and it is further

ORDERED that a Status Conference shall be held on January 28, 2025 at 9:30 a.m. in person at 60 Centre Street, Room 212. The Note of Issue deadline set in the last Status Conference Order is vacated and a new Note of Issue deadline will be set at the next conference.

This constitutes the Decision and Order of the Court.

| | |
|---|---|
| **11/26/2024** | |
| **DATE** | **LORI S. SATTLER, J.S.C.** |

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**656523/2022   GORDON, JAVON ET AL vs. TRIUMPH CONSTRUCTION CORP. ET AL**          **Page 7 of 7**
**Motion No.  003**

7 of 7