Herman v Judlau Contr., Inc. (2025 NY Slip Op 06253)

Herman v Judlau Contr., Inc.

2025 NY Slip Op 06253

Decided on November 13, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 13, 2025

Before: Kern, J.P., Friedman, Kapnick, Shulman, Hagler, JJ. 

Index No. 652249/17, 653528/22|Appeal No. 5149-5150-5151-5152|Case No. 2024-02559, 2024-05491, 2024-06361|

[*1]Rachel Herman et al., Plaintiffs-Respondents,
v
Judlau Contracting, Inc., Defendant-Appellant.
Judlau Contracting, Inc., et al., Plaintiffs-Appellants,
v
City of New York, et al., Defendants-Respondents.

Pillsbury Winthrop Shaw Pittman LLP, New York (Brianna S. Walsh of counsel), and Greenberg Traurig, LLP, New York (Henry M. Greenberg of counsel), for Judlau Contracting Inc., appellant.
Pelton Graham LLC, New York (Taylor Graham of counsel), for Rachel Herman, Renda Greenhill and Randy Wilkins, respondents.
Muriel Goode-Trufant, Corporation Counsel, New York (Ian M. Sinclair of counsel), for City of New York, New York City Department of Transportation and New York City Department of Design and Construction, respondents.

Judgment, Supreme Court, New York County (Andrew Borrok, J.), entered April 15, 2024, in favor of plaintiffs Rachel Herman et al. in the amount of $43,924,202.36 and against defendant Judlau Contracting, Inc., unanimously affirmed, without costs. Order, same court and Justice, entered on or about August 27, 2024, which denied Judlau's motion to renew plaintiffs' motions for class certification and partial summary judgment, unanimously affirmed, without costs. Order, same court (Jennifer G. Schecter, J.), entered September 25, 2024, which granted defendants City of New York, New York City Department of Transportation (DOT), and New York City Department of Design and Construction (DDC)'s motion to dismiss the first amended complaint (FAC) pursuant to CPLR 3211(a)(1), (2), and (7), unanimously affirmed, without costs. Herman v Judlau Contr., Inc. (index No. 652249/2017)
In Herman v Judlau Contr., Inc. (204 AD3d 496 [1st Dept 2022], lv dismissed 39 NY3d 1055 [2023]), we affirmed an order of the Supreme Court, New York County (Andrew Borrok, J.), entered May 11, 2021, which granted plaintiffs' motion for summary judgment as to liability, denied defendant's motion for summary judgment dismissing the complaint and referred the matter to a Special Referee to determine the amount of damages. Judgment in the amount stated above was entered on April 15, 2024. Prior to the entry of judgment, defendant moved to renew plaintiffs' motions for class certification and partial summary judgment. Defendant based its motion for renewal on Van Osten v HuiCatao Corp. (2024 NY Slip Op 34728 [U] [Sup Ct, Queens County, Feb. 9, 2024, index No. 709785/2022]). However, Van Osten does not represent "a change in the law [that would change the prior determinations]" in Herman (see CPLR 2221[e][2]; McMillan v Out-Look Safety LLC, 241 AD3d 1162 [1st Dept 2025]). To the extent Van Osten stated the plaintiffs therein "were required to exhaust their administrative remedies prior to commencing a cause of action pursuant to Labor Law § 220" (2024 NY Slip Op 34728 [U], *3 [internal quotation marks omitted]), it is contrary to McMillian v Out-Look Safety LLC (241 AD3d 1162, 1162 [the plaintiffs were not required to exhaust administrative remedies prior to filing this common-law breach of contract action]) and Idahosa v MFM Contr. Corp. (239 AD3d 536, 537 [1st Dept 2025] ["plaintiffs' failure to exhaust administrative remedies is not a reason to deny the motion" for class certification]). The motion court in Van Osten also acknowledged that it had "considered Herman v Judlau Contracting, Inc., 204 AD3d 496" but found it inapplicable because "the court below did not consider the issue of exhaustion of administrative remedies" (2024 NY Slip Op 34728 [U] at *4).
Judlau's argument that the damages award should be vacated because it improperly awarded plaintiffs prevailing wages for non-prevailing wage work is foreclosed by the prior appeal (see e.g. New Hampshire Ins. Co. v MF Global Fin. USA Inc., 204 AD3d 141, 151-152 [1st Dept 2022]). In the previous appeal, Judlau contended, "Supreme Court . . . awarded [plaintiffs] prevailing wages for all time spent working for [Judlau] — even for time undisputedly spent performing non-prevailing wage work. This was improper and should be overturned." Nevertheless, we affirmed (see Herman v Judlau Contr., Inc., 204 AD3d 496).
Judlau's argument that the Special Referee improperly awarded damages to plaintiffs who were employed by Waterworks, A Joint Venture (a plaintiff in JudlauContr. et al. v City of New York, et al. but not a party in Herman) came extraordinarily late in the day — it was not even included in Judlau's July 2, 2021 pre-hearing brief. Even though the December 17, 2019 class certification order did not include persons employed by Waterworks, Judlau produced certified payroll records for the Waterworks contract.
Were we to consider the merits, we would find Judlau's contention unavailing. "Liability under a contract can arise in the absence of privity where it is established that the defendant is in a joint venture or partnership with a signatory to the contract" (Alper Rest., Inc. v Catamount Dev. Corp., 137 AD3d 1559, 1560-1561 [3d Dept 2016]). Judlau is a partner in the Waterworks joint venture.
Judlau's argument that the Special Referee improperly awarded damages for the Chambers Street Project at the higher Labor Law § 220 rate, as opposed to the lower Davis-Bacon Act rate (see 40 USC § 3141 et seq.), is unavailing. The bid booklet for the Chambers Street Project specifically states:
"In case of a variance between (1) the schedule of Prevailing rates of wages and the supplements as determined under Section 220 of the Labor Law and (2) the schedule of rate of wages as determined pursuant to the Davis-Bacon Act, the contractor does hereby covenant and agree to accept the schedule or schedules that establish the higher rate of wages as the minimum for the workm[e]n who are employed on this project."
The Court of Appeals has stated, "Labor Law § 220 . . . applies not only to State-funded projects but also to jointly funded projects and is not preempted by Federal law" (Matter of Tap Elec. Contr. Serv. v Hartnett, 76 NY2d 164, 168 [1990]). Judlau Contracting, Inc. v City of New York, et al. (index No. 653528/2022)
We now turn to Judlau. Supreme Court providently dismissed Judlau's FAC on two independent grounds. First, the plain language of the five public works contracts between Judlau and the City bars Judlau's FAC as a matter of law. CPLR 3211(a)(1) provides for dismissal of a claim where an unambiguous contract "utterly refutes [a] plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (Farage v Associated Ins. Mgt. Corp., 43 NY3d 152, 158 [2024]). Here, the motion court correctly determined that the parties' contracts squarely place any liability for prevailing wage violations on Judlau, the noncomplying contractor, not the City. The contracts required Judlau to, among other things, strictly comply with the Labor Law, pay for all costs incurred by the City in enforcing prevailing wage requirements, investigate and clarify the classification of trades and the applicability of prevailing wages, and indemnify and hold the City harmless "against any and all claims . . . allegedly arising out of or in any way related to the operations" of the contractor or its subcontractors "in the performance of this [c]ontract." The contracts further provided that errors about prevailing wages in the contract documents or communications from the City would not insulate Judlau from liability for prevailing wage underpayments. Judlau's claims cannot withstand dismissal given these contractual provisions, which clearly allocate the risk for prevailing wage violations to Judlau.
Second, Judlau's thirteen-count FAC fails to state a claim upon which relief can be granted. "[T]o state a cause of action . . . for a breach of contract, the plaintiff's allegations must identify the provisions of the contract that were breached" (34-06 73, LLC v Seneca Ins. Co., 39 NY3d 44, 52 [2022], quoting Barker v Time Warner Cable, Inc., 83 AD3d 750, 751 [2d Dept 2011] [internal quotation marks omitted]). The FAC fails to do so.
The implied covenant of good faith and fair dealing "cannot be used to imply obligations inconsistent with other terms of the contractual relationship" (Singh v City of New York, 40 NY3d 138, 146 [2023] [internal quotation marks omitted]). The FAC alleges, "The City . . . was under an implied duty to ensure that the terms . . . of the Contracts . . . were consistent with all applicable prevailing wage laws." However, that is inconsistent with the contract documents, which state, "Any error as to compensation under the prevailing wage law or other information as to trade classification, made by the contracting agency . . . will not preclude a finding against the contractor of prevailing wage violation" (emphasis in original).
The court correctly dismissed the negligence claim. "[A] simple breach of contract is not to be considered a tort unless a legal duty independent of the contract itself has been violated" (Clark-Fitzpatrick, Inc. v Long Is. R. R. Co., 70 NY2d 382, 389 [1987]). The FAC merely alleges, in conclusory terms, "The City . . . was under a common law and/or statutory duty to ensure that the terms . . . of the Contracts . . . were consistent with all applicable prevailing wage laws."
Plaintiffs' fraud claims were also properly dismissed. "Generally, in a claim for fraudulent misrepresentation, a plaintiff must allege a misrepresentation or a material omission of fact" (Mandarin Trading Ltd. v Wildenstein, 16 NY3d 173, 178 [2011] [internal quotation marks omitted]). The FAC does not allege this; rather, it alleges that defendants made misrepresentations and omissions about the law.
"A claim for negligent misrepresentation requires the plaintiff to demonstrate . . . the existence of a special . . . relationship imposing a duty on the defendant to impart correct information to the plaintiff" (id. at 180 [emendation and internal quotation marks omitted]). However, "[g]enerally, . . . an arm's length relationship between sophisticated parties will not give rise to a confidential or fiduciary relationship that would support a cause of action for negligent misrepresentation" (J.P. Morgan Sec. Inc. v Ader, 127 AD3d 506, 507 [1st Dept 2015]).
"A special relationship may be established by persons who possess unique or specialized expertise" (Mandarin, 16 NY3d at 180 [internal quotation marks omitted]). However, the FAC does not allege this; rather, it alleges that there was "a special relationship of trust and confidence" between plaintiffs and the City due to the parties' "disparate bargaining strength."
The FAC fails to state claims for reformation. "Reformation is not granted for the purpose of alleviating a hard or oppressive bargain, but rather to restate the intended terms of an agreement when the writing that memorializes that agreement is at variance with the intent of both parties" (George Backer Mgt. Corp. v Acme Quilting Co., 46 NY2d 211, 219 [1978]). There is a "heavy presumption that a deliberately prepared and executed written instrument manifests the true intention of the parties" (34-06, 39 NY3d at 52 [internal quotation marks omitted]).
In the context of reformation, mutual mistake "mean[s] that the parties have reached an oral agreement and, unknown to either, the signed writing does not express that agreement" (id. at 51-52 [internal quotation marks omitted]). The FAC does not allege this.
Since we have found that plaintiffs fail to state claims for fraud, their claim for reformation based on unilateral mistake plus fraud also fails (see e.g. Greater N.Y. Mut. Ins. Co. v United States Underwriters Ins. Co., 36 AD3d 441, 443 [1st Dept 2007]).
Plaintiffs' claim for common-law indemnification was properly dismissed for multiple independent reasons. First, the contracts at issue contain indemnification clauses running in defendants' favor. "[U]nder these circumstances . . . any reciprocal obligation is extinguished" (Service Sign Erectors Co. v Allied Outdoor Adv., 175 AD2d 761, 763 [1st Dept 1991], appeal dismissed 79 NY2d 823 [1991], lv denied 79 NY2d 754 [1992]). Second, the Herman plaintiffs sued Judlau for breach of contract, not for a tort (see Chatham Towers, Inc. v Castle Restoration & Constr., Inc., 151 AD3d 419, 420 [1st Dept 2017]). Third, the Judlau defendants (the City, DOT, and DDC) did not "owe[] a duty to [the Herman] plaintiff[s] independent of and coextensive to the duty owed" to the Herman plaintiffs by Judlau and Waterworks (Zimmerman v Pokart, 242 AD2d 202, 204 [1st Dept 1997]). Finally, requiring the Judlau defendants to pay for the Herman plaintiffs' damages would be "contrary to the unmistakable aim of [Labor Law § 220] to place all liability for violating the prevailing wage requirements upon the noncomplying contractor" (Hoxie's Painting Co. v Cato-Meridian Cent. School Dist., 76 NY2d 207, 213 [1990]).
Plaintiffs' claim for common-law contribution likewise fails because (1) the Herman plaintiffs sued Judlau for breach of contract, not tort (see Chatham, 151 AD3d at 420) and (2) requiring the Judlau defendants to pay even part of the Herman plaintiffs' damages would be contrary to the purpose of Labor Law § 220 (see Hoxie's, 76 NY2d at 213).
The court properly dismissed plaintiffs' unjust enrichment claim. "[U]njust enrichment is not a catchall cause of action to be used when others fail" (Corsello v Verizon N.Y., Inc., 18 NY3d 777, 790 [2012]). Plaintiffs have alleged 12 other causes of action besides unjust enrichment. "To the extent that these claims succeed, the unjust enrichment claim is duplicative; if plaintiffs' other claims are defective, an unjust enrichment claim cannot remedy the defects" (id. at 791). Moreover, "a party may not recover in . . . unjust enrichment where the parties have entered into a contract that governs the subject matter" (Cox v NAP Constr. Co., Inc., 10 NY3d 592, 607 [2008]).
Finally, plaintiffs' cause of action for a declaratory judgment also fails where, as here, plaintiffs have an "adequate, alternative remedy in another form of action, such as breach of contract" (Apple Records v Capitol Records, 137 AD2d 50, 54 [1st Dept 1988]). Plaintiffs seek a declaration that the City be held liable for any underpayments owed to the Herman plaintiffs. Not only is this relief duplicative of plaintiffs' other causes of action, but as we have already decided, the remaining causes of action have been dismissed.
We have considered the remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 13, 2025