**Pacheco v Catholic Guardian Servs.**

2025 NY Slip Op 31098(U)

April 3, 2025

Supreme Court, New York County

Docket Number: Index No. 159163/2022

Judge: Judy H. Kim

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. JUDY H. KIM**        PART           04

*Justice*

--------------------------------------------------------------------------------X

INGRID PACHECO,

                   Plaintiff,

           - v -

CATHOLIC GUARDIAN SERVICES,

                   Defendant.

--------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 159163/2022 |
| MOTION DATE | 05/16/2023 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49

were read on this motion to                  DISMISS             .

Upon the foregoing documents, defendant's motion to dismiss is granted in part, to the extent set forth below.

Plaintiff brings this putative class action against her former employer, Catholic Guardian Services, alleging that during the six years she worked for defendant as an assistant, from January 2015 to July 2021, she was paid a salary accounting for thirty-five hours of work per week but often worked forty to forty-five-hour weeks without additional pay (NYSCEF Doc No. 17, amended complaint at ¶¶16-17). Plaintiff's work "outside of her scheduled shift included posting jobs on the internet, screening resumes, performing background checks, contacting potential new hires, scheduling training for new hires, completing reports and scheduling physicals" (*id.* at ¶17). These duties "were integral and indispensable to the respective jobs performed by Plaintiff and the other Assistants" (*id.* at ¶18). By the end of plaintiff's employment with defendant, her salary was approximately $70,000.00 per year (*id.* at ¶16).

[* 1]

Plaintiff's amended complaint asserts claims for: (1) unpaid "straight time" wages, pursuant to Labor Law §§190, 191, 193, 198, and 663(1); (2) unpaid overtime wages, pursuant to Labor Law §§190, 191, 193, 198, 650, and 663; (3) failure to provide accurate wage statements, pursuant to Labor Law §195(3); (4) quantum meruit; and (5) unjust enrichment.

Defendant now moves, pursuant to CPLR 3211(a)(1) and (a)(7), to dismiss the amended complaint. Defendant argues that no claim for unpaid "straight time" wages lies because plaintiff was a salaried, rather than hourly, employee and that no claim for unpaid overtime lies because defendant is exempt from statutory minimum wage requirements pursuant to Labor Law §652(3)(b). Defendant further argues that no quantum meruit or unjust enrichment claim lies because plaintiff has an "adequate remedy at law" under the Labor Law. Finally, defendant argues that plaintiff's proposed class claims must be dismissed based on the foregoing or, alternatively, because the complaint does not set out allegations establishing that the requirements of CPLR 901(a) are satisfied and improperly seeks liquidated damages in violation of CPLR 901(b).

In opposition, plaintiff maintains that her individual and class claims are adequately pled, that the statutory exemption to an employer's obligation to pay overtime wages cited by defendant—Labor Law §652(3)(b)—is inapplicable or, alternatively, void as a matter of law, and that CPLR 901(b) does not preclude the class claims because plaintiff has only reserved her right to seek liquidated damages.

## DISCUSSION

On a motion to dismiss pursuant to CPLR 3211(a)(7), the pleading is afforded a liberal construction, and the court must accept as true the facts alleged in the complaint, accord the pleading the benefit of every reasonable inference, and only determine whether the facts, as alleged, fit within any cognizable legal theory (*see Leon v Martinez*, 84 NY2d 83 [1994]).

**159163/2022   PACHECO, INGRID vs. CATHOLIC GUARDIAN SERVICES**
**Motion No.  002**

Page 2 of 10

[* 2]

2 of 10

*Unpaid Wages*

Defendant's motion to dismiss plaintiff's first cause of action, for unpaid "straight time" wages based upon Labor Law sections 190, 191, 193, 198, and 663 is granted to the limited extent that the claims based upon Labor Law sections 193 and 663 are dismissed.

Labor Law §193 prohibits "any deduction from the wages of an employee," except those "made in accordance with the provisions of any law or any rule or regulation issued by any governmental agency including regulations promulgated under paragraph c and paragraph d of this subdivision" or "expressly authorized in writing by the employee and are for the benefit of the employee …" (Labor Law §193). Accordingly, plaintiff's allegation that defendant withheld wages she earned between 2015 and 2021 is insufficient to state a cause of action under this provision (*see Kanthan v Tagstone Tech., LLC*, 224 AD3d 593 [1st Dept 2024]). Although the New York State Legislature amended section 193 in August 2021 to clarify that "[t]here is no exception to liability under this section for the unauthorized failure to pay wages" (Labor Law § 193[5], as amended by L 2021, ch 397, § 3), this amendment occurred after plaintiff's employment with defendant ended and the Act "does not apply retroactively" (*Frances v Klein*, 231 AD3d 535, 536 [1st Dept 2024] [internal citations omitted]).

Labor Law §663 is also inapplicable here. That statute provides that "[i]f any employee is paid by his or her employer less than the wage to which he or she is entitled" under the state Minimum Wage Act—i.e., less than the applicable minimum wage—then "he or she shall recover in a civil action the amount of any such underpayments" (Labor Law §663[1]). However, "plaintiff does not claim that she was paid less than the minimum wage," and therefore "cannot recover under §663" (*Mendoza v Cornell Univ.*, 215 AD3d 590, 591-92 [1st Dept 2023]).

159163/2022   PACHECO, INGRID vs. CATHOLIC GUARDIAN SERVICES                    Page 3 of 10
Motion No.  002

3 of 10

Ultimately, however, plaintiff's first cause of action states a claim under Labor Law §191. That statute "guarantees timely payment" to four categories of employees: (1) manual workers; (2) railroad workers; (3) commission salespersons; and (4) clerical and other workers (Labor Law §191[1][a]-[d]). As pertinent here, the statute mandates that "[a] clerical and other worker shall be paid the wages earned in accordance with the agreed terms of employment, but not less frequently than semi-monthly, on regular pay days designated in advance by the employer" (Labor Law §191[d]). The complaint's allegations that plaintiff's salary was based on a thirty-five hour workweek but that she regularly worked forty to forty-five hours without compensation for these additional hours alleges a violation of that statute[1] (*see Rosario v Hallen Constr. Co., Inc.*, 214 AD3d 544, 544 [1st Dept 2023] [allegations that plaintiffs "were not compensated for hours spent before and after their shift, loading company vehicles and receiving job assignments, before traveling to construction sites throughout the New York City region" provided "sufficient notice of their causes of action for unpaid wages … based on pre-shift and post-shift work performed at defendant's yard"]; *see also Silvers v Jamaica Hosp.*, 218 AD3d 817 [2d Dept 2023] [complaint "adequately set forth a cause of action to recover unpaid wages, as the plaintiff alleged he was employed by the defendant, that his wages were determined on the basis of time worked, and that he worked hours for which he was not paid"]).

Defendant asserts, in opposition, that plaintiff is not entitled to relief under the Labor Law because her salary compensated her for all hours worked. The Court construes this as an argument that, given the nature of plaintiff's work and the amount of her salary, she is not entitled to the

---

[1] Defendant's reliance on Federal case law is unavailing, as "the pleading requirements for causes of action alleging unpaid wages … under the relevant provisions of the Labor Law are not identical to those under the federal Fair Labor Standards Act, as the federal pleading requirement of plausibility is not an element of the analysis under CPLR 3211(a)(7)" (*Cabrera v Deadwood Constr., Inc.*, 226 AD3d 743, 743 [2d Dept 2024] [internal citations omitted]; *see also Jimenez v Concepts of Indep., Inc.*, 2018 NY Slip Op 30257[U], *9-10 [Sup Ct, NY County 2018]).

**159163/2022   PACHECO, INGRID vs. CATHOLIC GUARDIAN SERVICES**                    **Page 4 of 10**
  **Motion No.  002**

protections of section 191 of the Labor Law because she is not a "clerical" worker under that statute.

"Clerical and other workers" are defined in Labor Law §190(7) to include all other employees who are not a manual worker, railroad worker, or commission salesperson, except those "employed in a bona fide executive, administrative or professional capacity whose earnings are in excess of [one thousand three hundred dollars] a week'" (*Tortorella v Postworks New York LLC*, 2011 NY Slip Op 32014[U] [Sup Ct, NY County 2011]). However, at this juncture "[w]hether plaintiff was working in an executive, administrative or professional capacity raises a question of fact … [because] discovery has not taken place and very little has been made known to the court regarding what plaintiff's job responsibilities were and what [her] weekly earnings were" over the six years of her employment with defendant (*Zentz v Intl. Foreign Exch. Concepts, L.P.*, 33 Misc 3d 1212(A) [Sup Ct, Kings County 2011], *affd*, 106 AD3d 904 [2d Dept 2013]; *cf. Schuit v Tree Line Mgt. Corp.*, 46 AD3d 405 [1st Dept 2007] ["Plaintiff's contention that he was not an executive is inconsistent with the allegations of his complaint and his title and employment contract and therefore insufficient to avoid dismissal of the cause of action"]).

In light of the foregoing, defendant's motion to dismiss the first cause of action is denied as to plaintiff's Labor Law §191 claim and as to plaintiff's Labor Law §198 claim, which "provides the remedies available to an employee who prevails under a substantive provision of Labor Law article 6" (*Frances v Klein*, 231 AD3d 535, 536 [1st Dept 2024] [internal citations omitted]).

*Unpaid Overtime*

Defendant's motion, pursuant to CPLR 3211(a)(1), to dismiss plaintiff's claim for unpaid overtime is granted. In addressing a motion to dismiss pursuant to CPLR 3211(a)(1), "[d]ismissal is warranted only if the documentary evidence submitted utterly refutes plaintiff's factual

159163/2022   PACHECO, INGRID vs. CATHOLIC GUARDIAN SERVICES                    Page 5 of 10
Motion No.  002

5 of 10

allegations and conclusively establishes a defense to the asserted claims as a matter of law" (*Amsterdam Hosp. Group, LLC v Marshall-Alan Assoc, Inc.*, 120 AD3d 431, 433 [1st Dept 2014] [internal citations and quotations omitted]). "To be considered documentary" such evidence "must be unambiguous and of undisputed authenticity" (*Toribio v 575 Broadway LLC*, 61 Misc 3d 1224(A) [Sup Ct, NY County 2018] [internal citations and quotations omitted]).

Plaintiff has established through documentary evidence that 12 NYCRR §142–2.2, which "provides that under the state minimum wage act … overtime shall be paid at 1 ½ times the regular rate, subject to any exceptions in the federal statute" (*Anderson v Ikon Off. Sols., Inc.*, 38 AD3d 317 [1st Dept 2007] [internal citations omitted]), does not apply, because defendant is exempted from this obligation by Labor Law §652(3)(b). That statute provides that:

> The provision of any wage order issued under [the Minimum Wage Act] shall not apply, however, to any non-profitmaking institution which pays and continues to pay to each of its employees in every occupation a wage, exclusive of allowances, of not less than the minimum wage provided in subdivision one of this section provided that such institution had certified under oath to the commissioner...that it would pay and thereafter intended to pay such wage to each of its employees

(Labor Law §652[3][b]).

Defendant has established that it satisfied the requirements of this statute after it filed the requisite certification on August 3, 1960, through its submission of: a "Certification Pursuant to 652(5)(b)[2] of the Labor Law" by Catholic Guardian Society (NYSCEF Doc No. 35, certification), proof that Catholic Guardian Society was defendant's prior name (*see* NYSCEF Doc No. 30, certificate of amendment) and defendant's Freedom of Information Law request that resulted in the production of this certification by the New York State Department of Labor (NYSCEF Doc No. 34, FOIL request). Accordingly, no claim for unpaid overtime lies[3] (*see Hichez v United*

---

[2] Labor Law §652(5)(b) is the precursor to Labor Law §652(3)(b).

[3] Defendant's initial motion to dismiss on this basis was denied by Justice Shlomo Hagler, without prejudice, based on defendant's inability to establish that defendant was previously named Catholic Guardian Services. Contrary to

**159163/2022   PACHECO, INGRID vs. CATHOLIC GUARDIAN SERVICES**
**Motion No.  002**

Page 6 of 10

*Jewish Council of the E. Side*, 2021 NY Slip Op 32646[U], *6-7 [Sup Ct, New York County 2021]; *see also Jimenez v Concepts of Indep., Inc.,* 2018 NY Slip Op 30257[U], *6-7 [Sup Ct, NY County 2018]).

Plaintiff's arguments in opposition are unavailing. Her assertion that defendant must establish that it has paid its employees properly since 1960 as a prerequisite to dismissal based upon Labor Law §652(3)(b) imposes a requirement not found in that statute (and, in any event, plaintiff has not alleged that she or any other employee in the proposed class were paid less than minimum wage). Plaintiff's argument that the No Wage Theft Loophole Act's amendments to the Labor Law vitiates Labor Law §652(3)(b) is not persuasive because, among other things, the No Wage Theft Loophole Act "does not apply retroactively" (*Frances v Klein*, 231 AD3d 535, 536 [1st Dept 2024]). Finally, plaintiff's argument that 12 NYCRR §142-3.2, entitled "Provisions Applicable To Employees In Nonprofitmaking Institutions Which Have Not Elected To Be Exempt From Coverage Under A Minimum Wage Order" requires defendant to pay overtime ignores the fact that, as its title indicates, this regulation does not apply to defendant which, as discussed above, has elected to be exempt from such coverage.

### Wage Statements

Defendant's motion to dismiss plaintiff's Labor Law §195(3) claim is granted. That statute requires employers to "furnish each employee with a statement with every payment of wages," listing, among other things, "the dates of work covered by that payment of wages ... the number of regular hours worked, and the number of overtime hours worked" (Labor Law §195[3]). Plaintiff's allegation that she was provided wage statements that did not accurately reflect the hours she had worked is insufficient to state a claim under this statute. "Although inaccuracies in

---

defendant's assertion, Justice Hagler did not reach the merits of defendant's exemption argument at that time (*see* NYSCEF Doc No. 37, oral argument transcript).

159163/2022 PACHECO, INGRID vs. CATHOLIC GUARDIAN SERVICES Page 7 of 10
Motion No. 002

7 of 10

wage statements may support a claim under these provisions, plaintiff fails to sufficiently articulate a ground for recovery on this claim beyond general allegations that she worked more hours than she was paid for" (*Mendoza v Cornell Univ.*, 215 AD3d 590, 592 [1st Dept 2023] [internal citations omitted]; *but see Okeke v Interfaith Med. Ctr.*, 224 AD3d 765, 767-68 [2d Dept 2024]).

### *Quantum Meruit & Unjust Enrichment*

Defendant's motion to dismiss plaintiff's quantum meruit and unjust enrichment claims is also granted. "[A] party may not recover in quantum meruit or unjust enrichment where the parties have entered into a contract that governs the subject matter" (*Cox v NAP Constr. Co., Inc.,* 10 NY3d 592 [2008]) and "[a]lthough there is a dispute as to the terms of plaintiff's compensation, it is undisputed that the parties had an agreement that covered the compensation sought, and thus, there is no dispute as to the existence or application of a contract" (*Zito v Fischbein Badillo Wagner Harding*, 2005 NY Slip Op 30258[U] [Sup Ct, NY County 2005] [internal citations omitted]; *see also Root v Swig Equities, LLC*, 27 Misc 3d 1222(A) [Sup Ct, NY County 2010] [allegations insufficient to state a cause of action in quantum meruit where services allegedly performed were not so distinct from duties of plaintiff's employment that it would be "unreasonable for the employer to assume that they were rendered without expectation of further pay"]). Whether the terms of that agreement are such that plaintiff may recover under the Labor Law remains to be seen.

### *Class Claims*

Finally, that branch of defendant's motion to dismiss the complaint's class claims is largely mooted by the dismissal of the second, third and fourth causes of action. However, defendant's motion to dismiss the first cause of action to the extent it asserts a class claim is denied. While "nothing in the CPLR provides that a class claim cannot be dismissed, even at the pre-answer

159163/2022   PACHECO, INGRID vs. CATHOLIC GUARDIAN SERVICES                    Page 8 of 10
Motion No.  002

8 of 10

stage, for failure to state a cause of action" (*Maddicks v Big City Properties, LLC*, 34 NY3d 116, 123 [2019]) it is generally "premature to dismiss class action allegations before an answer is served or precertification discovery has been taken" (*Griffin v Gregory's Coffee Mgt. LLC*, 191 AD3d 600 [1st Dept 2021], quoting *Downing v First Lennox Terrace Assoc.*, 107 AD3d 86, 91 [1st Dept 2013], *affd* 24 NY3d 382 [2014]). Defendant has failed to meet its high burden, to "conclusively show that there is no basis for class action relief as a matter of law" (*Mera v Milos HY, Inc.*, 2022 NY Slip Op 33462[U], *13 [Sup Ct, NY County 2022] [internal citations omitted]). To the contrary, "the allegations in the complaint sufficiently set forth factual allegations to arguably establish the class action prerequisites set forth in CPLR 901…" (*D'Emidio v Williamsbridge Rest. Inc.*, 136 AD3d 406 [1st Dept 2016] [internal citations omitted]).

Neither does CPLR 901(b) bar this class claim. That statute mandates that "an action to recover a penalty may not be maintained as a class action" unless "a statute creating or imposing a penalty specifically authorizes the recovery thereof in a class action" (CPLR 901[b]). While Labor Law §198 contemplates the recovery of liquidated damages without specifically authorizing their recovery in a class action, because the "liquidated damages under Labor Law 198 are discretionary and may be waived … certification of the class is permitted as long as class members are afforded the opportunity to opt out and pursue statutory remedies" (*Thomas v Meyers Assoc., L.P.*, 39 Misc 3d 1217(A) [Sup Ct, NY County 2013] citing, inter alia, *Pesantez v Boyle Envtl. Servs., Inc.*, 251 AD2d 11, 12 [1st Dept 1998]). Moreover, plaintiff has not sought liquidated damages but only reserved her right to do so if a class is not certified.

[* 9]

Accordingly, it is

**ORDERED** that defendant's motion to dismiss the complaint is granted to the extent that the second, third, fourth, and fifth causes of action are dismissed, and is otherwise denied; and it is further

**ORDERED** that defendant shall, within ten days of the date of this decision and order serve a copy of same, with notice of entry, upon plaintiff as well as the Clerk of the Court (60 Centre Street, Room 141B) and the Clerk of the General Clerk's Office (60 Centre Street, Room 119); and it is further

**ORDERED** that such service upon the Clerk of the Court and the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "EFiling" page on this court's website); and it is further

**ORDERED** that the parties are to appear for a preliminary conference in Part 4 (80 Centre Street, room 308) on June 5, 2025, at 9:30 a.m.

This constitutes the decision and order of the Court.

| | |
|---|---|
| **4/3/2025** | |
| **DATE** | **HON. JUDY H. KIM, J.S.C.** |

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | X | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | REFERENCE |

**159163/2022   PACHECO, INGRID vs. CATHOLIC GUARDIAN SERVICES**   **Page 10 of 10**
Motion No.  002

[* 10]

10 of 10